OPINION OF THE COURT
Per Curiam.
Defendant, while an inmate of Eastern Correctional Facility, was charged with assault, second degree, as a result of an altercation with a correction officer. Prior to trial he moved to dismiss the indictment, claiming he was denied the opportunity to appear before the Grand Jury and that he had been denied effective assistance of counsel. The motion was denied and defendant was found guilty as charged after trial. On appeal he claimed several errors in the proceedings but the Appellate Division, finding no merit in them, affirmed.
On this appeal, we find it necessary to address only defendant’s claim that he was denied effective assistance of counsel.
Defendant was arrested August 7, 1985 and arraigned later that day by the local Town Justice. While being arraigned, defendant continually failed to comply with the Judge’s orders to quiet down. As a result, he was found in contempt of court and the Judge ordered his counsel not to have contact with him for a period of 30 days following the arraignment.
The People concede that the Town Justice erred in barring defendant’s counsel from visiting his client for 30 days but contend that the error was harmless since defendant was represented at arraignment and at his trial which took place two months after the order had expired.
Defendant’s right to assistance of counsel attached at his arraignment (see, Powell v Alabama, 287 US 45, 57-59; Coleman v Alabama, 399 US 1, 17; Kirby v Illinois, 406 US 682, 688-689; People v Meyer, 11 NY2d 162, 164-165; CPL 210.15). It was not absolute but was subject to the right of the court to impose reasonable rules to control the conduct of the trial (compare, People v Narayan, 58 NY2d 904, 906, with Geders v United States, 425 US 80, 90-91). As the People concede, however, the court’s order denying defendant his constitutional right to counsel after such right had attached was purely punitive and without justification. Thus, the inquiry is whether the order constituted reversible error.
In People v Crimmins (36 NY2d 230, 238), we stated that there are some errors which are so serious that they operate *587 to deny defendant’s fundamental right to a fair trial. In such cases the reviewing court must reverse the conviction and grant a new trial, without evaluating whether the errors contributed to the defendant’s conviction. We applied this rule to the denial of the constitutional right to counsel in People v Felder (47 NY2d 287) in reversing defendant’s conviction and ordering a new trial.
Similarly, we refuse to apply the harmless error doctrine here. The court’s ruling, entered at the time of arraignment, affected defendant’s representation in such a way that the error cannot be corrected by a new trial (see, People v Felder, supra, at 296).
Accordingly, the order of the Appellate Division should be reversed and the indictment dismissed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Order reversed, etc.