Titone, J.
(dissenting). As a matter of State law, the ah *135 sence of an attorney at a preliminary hearing is a fundamental right that should not be subject to harmless error analysis. Our prior cases, most notably People v Hodge (53 NY2d 313), all but compel that conclusion. Furthermore, the difficulty of identifying specific prejudice in the form of what might have occurred if counsel had been furnished renders the use of harmless error analysis in this context fundamentally unsound. Accordingly, I must respectfully dissent.
The right of a criminal defendant to interpose an attorney between himself and the awesome power of the sovereign has been a cherished and protected principle in our State (see, e.g., People v Cunningham, 49 NY2d 203, 207-208; People v Settles, 46 NY2d 154, 160-161; People v Hobson, 39 NY2d 479; People ex rel. Burgess v Risley, 66 How Prac 67). Consequently, this court has "exercised the highest degree of vigilance in safeguarding the right of an accused to have the assistance of an attorney at every stage of the legal proceeding against him” (People v Cunningham, supra, at 207; see, People v Blake, 35 NY2d 331; People v Di Biasi, 7 NY2d 544) beginning with the commencement of formal adversary proceedings (see, People v Settles, supra; People v Di Biasi, supra), through an indictment (see, People v Waterman, 9 NY2d 561), an arraignment (People v Meyer, 11 NY2d 162), or, as in this case, the filing of a felony complaint (see, People v Samuels, 49 NY2d 218). The primary reason for affording a defendant counsel at these points in the criminal proceedings is that "[t]he initiation of judicial criminal proceedings is far from a mere formalism. * * * For it is only then that the government has committed itself to prosecute, and only then that the adverse positions of government and defendant have solidified. It is then that a defendant finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law.” (Kirby v Illinois, 406 US 682, 689; see, United States v Wade, 388 US 218, 227.) Accordingly, we have recognized that providing assistance of counsel is necessary not only to protect the rights of the defendant "but for the protection and well-being of society as well.” (People v Settles, supra, at 161.)
The central importance of counsel at preliminary hearings was recognized in Coleman v Alabama (399 US 1). The Supreme Court in that case noted that "the guiding hand of counsel at the preliminary hearing is essential to protect the indigent accused against an erroneous or improper prosecution. First, the lawyer’s skilled examination and cross-exami *136 nation of witnesses may expose fatal weaknesses in the State’s case that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State’s witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail.” (Id., at 9.)
In People v Hodge (53 NY2d 313, supra), this court addressed the absence of defense counsel from the preliminary hearing. In reversing the defendant’s conviction, the court held that "the test [for reversal] must be not what the hearing did not produce, but what it might have produced if the defendant’s right to counsel had not been ignored [citations omitted]. So measured, the result of such inquiry would have to be pure speculation.” (Id., at 321.) This observation was consistent with the rationale in People v Felder (47 NY2d 287) where the court refused to apply harmless error analysis when a criminal defendant had been represented at trial by an unlicensed laymen masquerading as an attorney. In Felder, the court noted that such analysis was especially inapt because "[tjhere are some errors which operate 'to deny [an] individual defendant his fundamental right to a fair trial [in which event], the reviewing court must reverse the conviction and grant a new trial, quite without regard to any evaluation as to whether the errors contributed to the defendant’s conviction.’ ” (Id., at 295, quoting People v Crimmins, 36 NY2d 230, 238.) Recently, in People v Hilliard (73 NY2d 584), the court, once again, refused to apply harmless error analysis when a defendant had been deprived of his right to counsel due to a Judge’s contempt order which barred defendant’s contact with his attorney for a period of 30 days following his arraignment. There, as in Felder, we refused to speculate about what might have occurred during the 30-day "no contact” period to determine the degree of prejudice occasioned by the error. The same result should obtain here, where the potential for prejudice was obviously much greater, since, in this case, defendant lacked counsel during a formal postcriti *137 cal stage proceeding rather than during a postcritical stage period during which no formal judicial proceedings occurred.
As justification for its departure from our prior cases, the majority distinguishes between deprivations of counsel at preliminary hearings from such deprivations at trial, relying on the suggestion in Hodge that the former’s amenity to harmless error analysis remained an open question after that decision (majority opn, at 132; see, People v Hodge, supra, at 320). The Hodge majority, however, specifically noted that "the distinction between denial of effective assistance of counsel at trial and, as here, its denial at a preliminary stage of a case is of no consequence. ” (Id. [emphasis supplied].) Further, the majority’s conclusion that the denial of counsel at a preliminary hearing does not "necessarily invalidate the trial” because even if defendant prevails at the hearing "the Grand Jury is nevertheless free to indict” (majority opn, at 133) is flatly contrary to what was said in Hodge and Coleman (supra) (see, People v Hodge, supra, at 319 ["we must reject, as did the Supreme Court in Coleman (399 US, at pp 8-9, supra), the People’s suggestion that, because the Grand Jury subsequently indicted the defendant, any infirmities that occurred at the flawed hearing may be excused.”]). This sudden reversal of position is inexplicable (see, People v Hobson, 39 NY2d 479, 488-491, supra).
As was recognized in Hodge, the preliminary hearing has "many functions besides the obvious formal ones, such as reduction of excessive charges, prompt arrangement for release where appropriate and, above all, early screening of unjustifiable and unprovable charges against the innocent.” (People v Hodge, supra, at 318.) Indeed, the primary purpose of the preliminary hearing is to safeguard a defendant charged with a crime against being improperly committed to jail pending action of the Grand Jury on the charges against him. Further, as even the majority has observed, the preliminary hearing provides defense counsel with a rare opportunity for discovery since the hearing serves "as a virtual minitrial of the prima facie case” (id.) which enables counsel to "gain knowledge and insight that will be of invaluable assistance in the preparation and presentation of the client’s defense.” (Id., at 319.) Moreover, defense counsel is given the opportunity to cross-examine the People’s witnesses in the presence of the accused, subpoena witnesses to the stand whom the People have not elected to summon, and, as a tactical maneuver to *138 elect to not have the defendant appear (id., at 319-320; see also, CPL 180.60).
As in Felder, Hodge, and Hilliard, harmless error analysis is inappropriate primarily because it is difficult, if not impossible, to assess the possible effect on or prejudice to the defense resulting from a deprivation of counsel. In fact, it is almost impossible to demonstrate many of the forms of prejudice that might occur because any such argument would have to be based solely upon speculation. Here, for instance, since the primary issue was defendant’s identity, defense counsel might have chosen not to have defendant appear at the hearing. This decision, in turn, might have undermined the witness’s ability to identify defendant in court. My point is not that this potential for prejudice is alone basis for reversal. Rather, my point is that application of our harmless error rules in this context is problematic because it is impossible to second-guess what an attorney might have done had he been present at the hearing, much less to foresee what the results of his actions might have been (see, e.g., People v Jones, 70 NY2d 547, 552 [violation of Rosario rules]). Finally, the denial of right to counsel, even at a preliminary hearing, creates an appearance of unfairness which severely taints the entire judicial proceeding, and brings into question the fairness of the treatment afforded the defendant. Viewed in this manner, the error casts a shadow over the integrity of the fact-finding process and the entire proceeding in such a way that harmless error is not sufficient to measure the societal loss (see also, People v Mehmedi, 69 NY2d 759 [defendant absent from court when inquiry from jury received and answer framed]; People v Jones, 47 NY2d 409, 416-417 [right to a public trial]; People v Anderson, 16 NY2d 282 [right of defendant to be present at trial]; People v Savvides, 1 NY2d 554, 556 [prosecutor aware that principle witness testified falsely]).
For all of these reasons, I conclude that only the application of a bright line rule will ensure that a defendant’s right to counsel at a preliminary hearing is respected and enforced by our courts. In the absence of such a rule I fear that the right to counsel at a preliminary hearing could well be eviscerated through application of the harmless error doctrine, since it is only in rare instances that the defendant will be able to point to some concrete form of prejudice. Such a per se rule is necessary both to deter violations of the right to counsel at preliminary hearings and to promote the appearance, as well *139 as the reality, of justice and fairness, goals which should be this court’s utmost concern.
For the foregoing reasons, I would reverse the order of the Appellate Division, and order a new trial (see, People v Hodge, supra, at 321).
Chief Judge Wachtler and Judges Simons, Alexander, Hancock, Jr., and Bellacosa concur in Per Curiam opinion; Judge Titone dissents and votes to reverse in a separate opinion in which Judge Kaye concurs.
Order affirmed.