(June 11, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CARRACEDO, Appellant. [644 NYS2d 11]

The appeal from this judgment was held in abeyance after we remanded to the Supreme Court for a de novo combined *Wade/Mapp/Huntley* hearing (*People v Carracedo*, 214 AD2d 404 [Murphy, P. J., and Tom, J., dissenting in a mem by Tom, J.]). That hearing has now been concluded with a denial of defendant's suppression motion and defendant has not chosen to pursue an appeal from that determination. In our prior decision we found that the suppression court's order banning consultation between defendant and his counsel during an overnight recess was in violation of defendant's Sixth Amendment right to counsel. We also concluded that a new trial was not necessary since the suppression hearing de novo "fully addresses any constitutional deprivation defendant may have suffered at the hearing" (*People v Carracedo, supra,* at 404 [the dissenters would have reversed the conviction and remanded for a new trial]).

The evidence presented against defendant in this second trial was overwhelming. In this connection, the trial court properly admitted testimony of a witness who had testified at the first trial, but was unavailable at the time of the second trial. Defendant had the opportunity for full cross-examination of the witness at the first trial. Further, since there is no evidence that the People's failure to produce the witness was in any way due to indifference or strategic preference (*People v Arroyo*, 54 NY2d 567, 571, *cert denied* 456 US 979), and since the People demonstrated that at the time of the second trial

the witness was outside the country and could not with due diligence be brought before the court, her testimony was properly admitted pursuant to CPL 670.10.

The trial court properly exercised its discretion in denying defendant's request for a particular adverse inference charge regarding the routine destruction of the trainer/handlers' notes regarding the training and prior case performance of a bloodhound utilized herein, as there was no showing that the destruction was due to lack of diligence in preserving evidence resulting in prejudice to defendant, who exploited the issue fully in cross-examination and summation (*see, People v Banch*, 80 NY2d 610, 616; *see also, People v Hyde*, 172 AD2d 305, *lv denied* 78 NY2d 1077). In any event, the trial court did charge the jury that the probative value of the evidence regarding the bloodhound tracking procedure utilized herein was slight and, if credited, was to be considered in conjunction with all other testimony and evidence. This jury charge effectively provided a sanction, albeit not the sanction requested by defendant.

The trial court also properly denied defendant's request for an adverse inference charge regarding the loss of the victim's clothing, on the ground that the loss occurred inadvertently after the body had been transported from the crime scene to the hospital, and that the clothing had never been in the custody of the police or the medical examiner.

We have examined the defendant's remaining contentions and find them to be without merit. Concur—Sullivan, Wallach and Nardelli, JJ.

Murphy, P. J., and Tom, J., dissent and would reverse for the reasons previously stated in the dissenting memorandum of Tom, J., in *People v Carracedo* (214 AD2d 404, 404-410).