OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 During a pretrial suppression hearing, the trial court directed defendant not to communicate with his counsel about "the case” during an overnight recess that commenced in the middle of defendant’s testimony on cross-examination. Defendant was subsequently convicted of murder in the second degree. Relying on
 
 Geders v United States
 
 (425 US 80) and
 
 People v Enrique
 
 (165 AD2d 13,
 
 affd
 
 80 NY2d 869), the Appellate Division ruled that the ban placed on defendant’s communication with his attorney violated defendant’s Sixth Amendment right to counsel. To remedy that violation, the Court held the appeal from the judgment of conviction in abeyance and remitted to Supreme Court for a new suppression hearing to be held. Two Justices dissented from that ruling on the ground that the proper remedy would have been to grant a new trial. The new hearing was subsequently held, and the suppression court determined that the subject evidence should not be suppressed. The Appellate Division, with the same two Justices dissenting, then affirmed the judgment of conviction and sentence. One of the dissenting Justices granted defendant permission to appeal to this Court.
 

 As a threshold matter, given that the People are not the appealing party in this matter, we are unable to review the propriety of the Appellate Division’s determination that the ban on communication during the overnight recess constituted a Sixth Amendment violation as the People request
 
 (see,
 
 CPL 470.35 [2] [b]). That is true because if the People were to prevail here on the merits of that claim, this Court "would in essence be affording affirmative relief to a nonappealing party, [which] we are not empowered to do”
 
 (People v Carpenito,
 
 80 NY2d 65, 68). Accordingly, proceeding as we must from the position that a right to counsel violation occurred during the suppression hearing, we direct our attention to the appropriate remedy for that transgression.
 

 We reject defendant’s contention that he was entitled to a reversal of his conviction and a new trial. The overnight ban on consultation between defendant and his attorney occurred during the course of the suppression hearing and the de novo suppression hearing adequately remedied any constitutional
 
 *1062
 
 deprivations that defendant may have suffered at the original hearing. However, given that the communication ban lasted one night and predated the trial by a full year, we cannot further conclude that the pretrial violation here was "so serious that [it] operate[d] to deny defendant’s fundamental right to a fair trial,” thereby obviating the need to conduct a prejudice analysis
 
 (cf., People v Hilliard,
 
 73 NY2d 584, 586-587 [emphasis supplied]
 
 [30-day
 
 pretrial bar on communication with counsel denied fundamental right to fair trial];
 
 People v Felder,
 
 47 NY2d 287 [representation
 
 at trial
 
 by layman masquerading as an attorney]).
 

 Additionally, defendant has not established that the hearing violation created even a potential for prejudice at the subsequent trial. Defendant contends that "the court’s error
 
 could have
 
 affected trial strategy,” because it created a missed opportunity to discuss possible plea options or to assess the testimony of hearing witnesses who would also be called at trial. However, defendant does not claim that any such real opportunities were completely foreclosed or even impeded by the court’s ruling, and he otherwise fails to supply record support for these hypothetical assertions of prejudice. Thus, defendant’s prejudice arguments are simply too speculative to form the basis for the requested relief. Accordingly, on this record, we agree with the Appellate Division majority that a new suppression hearing was an appropriate remedy for the violation of defendant’s right to counsel at the suppression hearing stage.
 

 Defendant also contends that reversal is warranted because the court failed to impose a sanction on the People for the loss of notes prepared by the trainer of a bloodhound used to track defendant’s scent at the crime scene. Where
 
 Rosario
 
 material is lost or destroyed, the court is required to impose an appropriate sanction that is designed to eliminate resulting prejudice to the defendant
 
 (People v Martinez,
 
 71 NY2d 937, 940;
 
 People v Kelly,
 
 62 NY2d 516, 520-521). Although the trial court here denied defendant’s request to impose a sanction, under the particular facts and circumstances of this case, any risk of prejudice to defendant resulting from the destroyed notes was overcome by the court’s instruction to the jury that it was to view the bloodhound evidence "with utmost caution” and that it was of "slight probative value”
 
 (People v Martinez,
 
 71 NY2d, at 940,
 
 supra).
 

 Defendant’s remaining contention lacks merit.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 
 *1063
 
 Order affirmed in a memorandum.