**Jose CARRACEDO, Petitioner,**

v.

**Christopher ARTUZ, Superintendent, Respondent.**

**No. 98 Civ. 7561(LAK).**

United States District Court,
S.D. New York.

May 24, 1999.

Jose Carracedo, petitioner pro se.

Daniel R. Wanderman, Assistant District Attorney, Robert T. Johnson, District Attorney, Bronx County, for respondent.

## MEMORANDUM OPINION

KAPLAN, District Judge.

On August 10, 1990, petitioner was convicted, following a jury trial, of murder in the second degree and sentenced to an indeterminate term of 25 years to life. His conviction was affirmed by the First Department in 1996 and by the Court of Appeals in 1997.[1] By papers dated July 27, 1998 and received by the *Pro Se* Office on August 5, 1998, he now seeks a writ of habeas corpus.

Respondent contends, *inter alia*, that the petition is untimely. The fundamental issue presented by this contention is whether the one year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 runs from the date upon which the petitioner's conviction was affirmed by the New York Court of Appeals or, instead, from the date on which his right to seek review by a petitioner for a writ of certiorari from the United States Supreme Court expired. Respondent concedes that the petition is timely if the latter date governs.

The weight of authority favors the view that the "conclusion of direct review," as that phrase is used in 28 U.S.C. § 2244(d)(1) as applied to cases in which certiorari either is not sought or is sought unsuccessfully, occurs on the date on which the time within which to petition for a writ of certiorari expires or, if a writ is sought unsuccessfully, the petition is denied.[2] Indeed, respondent has cited no case to the contrary. This view, moreover, is consistent with the Supreme Court's holding that direct review is concluded, for purposes of determining whether a petitioner should receive the benefit of a new rule of constitutional law, when the time to seek certiorari to review the final state court judgment expires. *Caspari v. Bohlen,* 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994). Respondent's effort to distinguish *Caspari* is unpersuasive. Indeed, to adopt its view here would require defendants to seek federal habeas before the completion of certiorari proceedings and thus could result in the absurdity of district courts hearing habeas petitions before direct review by the Supreme Court either were completed or foreclosed.

1. *People v. Carracedo,* 228 A.D.2d 199, 644 N.Y.S.2d 11 (1st Dept.1996), *aff'd,* 89 N.Y.2d 1059, 659 N.Y.S.2d 830, 681 N.E.2d 1276 (1997).

2. *E.g., United States ex rel. Williams v. De Tella,* 37 F.Supp.2d 1048 (N.D.Ill.1998); *United States ex rel. Gonzalez v. De Tella,* 6 F.Supp.2d 780, 781 (N.D.Ill.1998); *Alexander v. Keane,* 991 F.Supp. 329, 333 n. 2 (S.D.N.Y. 1998); *Albert v. Strack,* No. 97 Civ. 2978(SS), 1998 WL 9382, at *4 n. 2 (S.D.N.Y. Jan.13, 1998); *Flowers v. Hanks,* 941 F.Supp. 765, 770 (N.D.Ind.1996); *see* JAMES S. LIEBMAN & RANDY HERTZ, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 5.1b, at 232–34 n. 62 (3d ed.1998).

Respondent's contention that the petition is untimely is rejected as a matter of law. The remaining issues presented by the petition are referred to the Magistrate Judge assigned to hear and report.

SO ORDERED.