[849 NE2d 258, 816 NYS2d 399]

The People of the State of New York, Respondent, v Mikel Wardlaw, Appellant.

Argued February 14, 2006; decided April 4, 2006

## POINTS OF COUNSEL

*Legal Aid Bureau of Buffalo, Inc.,* Buffalo (*Mary Good, David C. Schopp* and *Barbara J. Davies* of counsel), for appellant. I. The Appellate Division's determination that appellant was denied his right to counsel under the Sixth Amendment to the United States Constitution and article I, § 6 of the New York Constitution was correct. It is, moreover, not reviewable by this Court since the People are not an appealing party. (*People v Sawyer,* 57 NY2d 12; *People v Slaughter,* 78 NY2d 485; *People v Providence,* 2 NY3d 579; *People v Arroyo,* 98 NY2d 101; *Faretta v California,* 422 US 806; *People v Carracedo,* 89 NY2d 1059; *People v Carpenito,* 80 NY2d 65.) II. The precedents of this Court suggest the appropriateness of a ruling that harmless error analysis should not be applied to pretrial proceedings, particularly pretrial suppression hearings, where there has been a violation of the right to counsel. (*People v Waterman,* 9 NY2d 561; *People v Donovan,* 13 NY2d 148; *People v Hobson,* 39 NY2d 479; *People v P.J. Video,* 68 NY2d 296; *United States v Wade,* 388 US 218; *People v Anderson,* 16 NY2d 282; *People v Hodge,* 53 NY2d 313; *Coleman v Alabama,* 399 US 1; *People v Wicks,* 76 NY2d 128; *People v Felder,* 47 NY2d 287.) III. The appropriate remedy is a new trial. (*People v Slaughter,* 78 NY2d 485; *People v Carracedo,* 89 NY2d 1059; *People v Hilliard,* 73 NY2d 584; *People v Felder,* 47 NY2d 287; *People v Favor,* 82 NY2d 254.) IV. The violation of appellant's state and federal constitutional right to counsel is not harmless beyond a reasonable doubt. (*People v Crimmins,* 36 NY2d 230; *Gideon v Wainwright,* 372 US 335; *Powell v Alabama,* 287 US 45; *People v Slaughter,* 78 NY2d 485.)

*Frank J. Clark, District Attorney,* Buffalo (*Susan C. Ministero* and *J. Michael Marion* of counsel), for respondent. Harmless error analysis applies to the denial of a defendant's right to counsel at a suppression hearing and the error was harmless beyond a reasonable doubt. (*People v Slaughter,* 78 NY2d 485; *People v Providence,* 2 NY3d 579; *People v Arroyo,* 98 NY2d 101; *Faretta v California,* 422 US 806; *People v McIntyre,* 36 NY2d 10; *People v Vivenzio,* 62 NY2d 775; *People v Settles,* 46 NY2d 154; *People v Crimmins,* 36 NY2d 230; *Chapman v California,* 386 US 18; *United States v Wade,* 388 US 218.)

**OPINION OF THE COURT**

R.S. SMITH, J.

*People v Slaughter* (78 NY2d 485 [1991]) and *People v Carracedo* (89 NY2d 1059 [1997]) establish that a violation of a defendant's right to counsel at a suppression hearing ordinarily entitles the defendant to a new suppression hearing, but not to automatic reversal of his conviction and a new trial. We now consider a case in which it is clear, beyond reasonable doubt, that the outcome of the suppression hearing at which the right to counsel was violated could not have affected the outcome of the trial. We hold that, under these circumstances, the error was harmless.

### Facts and Procedural History

Defendant, accused of raping his nine-year-old niece, went voluntarily to the police station on the morning after the incident and spoke to two officers. He denied the child's accusation and signed two written statements containing his denials. After he signed the second statement, one of the officers told him that semen had been found in his niece's vagina. Defendant reacted to this information by saying: "I didn't do anything to her. I didn't force her to do anything." The officer asked: "What if the DNA comes back to you?" Defendant answered: "Well, I'd just have to take my punishment."

Defendant was prosecuted for rape, sodomy and several related crimes. He moved to suppress his statements to the police, and a *Huntley* hearing was scheduled. At the hearing, defendant asked to dismiss his lawyer and proceed pro se. In what the People now concede was an error, the trial court allowed him to do so, without making a "searching inquiry" to be sure that defendant knew and understood the perils of being unrepresented (*People v Sawyer*, 57 NY2d 12, 21 [1982]). After the hearing, defendant's motion to suppress his statements was denied.

The trial followed, at which defendant was represented by counsel. The People's witnesses included the victim, who testified to defendant's sexual assault of her; the victim's brother and mother, who testified that she reported the assault immediately; a nurse and a doctor, who testified that when they examined the victim the next day her vagina was red, her hymen appeared to have been widened, and there was semen in her vagina and anus; and a DNA expert, who testified that the semen was defendant's. The People also introduced defendant's statements. Defendant testified and denied any wrongdoing. He

offered no explanation for the presence of his semen in the victim.

Defendant was convicted, and appealed to the Appellate Division. That Court said that the error in allowing defendant to proceed pro se at the *Huntley* hearing "surely invalidated the hearing itself," but concluded that, because the proof of guilt apart from the statements challenged at the hearing was "truly overwhelming," suppression of the statements would not have affected the outcome of the trial (18 AD3d 106, 109, 113 [4th Dept 2005]). Finding that a new suppression hearing would be a "pointless exercise," it held the error to be harmless, and affirmed defendant's conviction (*id.* at 114). We agree with the Appellate Division's analysis, and affirm.

## Discussion

Under *Slaughter* and *Carracedo*, the normal remedy for a violation of the right to counsel at a suppression hearing is a new suppression hearing, with a new trial to follow if, after the new hearing, the evidence is suppressed. Here, however, it is clear beyond reasonable doubt that any new trial would have the same result, even if defendant's statements were excluded from evidence. Thus, a new hearing would serve no purpose.

The Appellate Division was right in saying that the violation of defendant's right to counsel irreparably tainted the suppression hearing, just as a similar violation at trial would have irreparably tainted the trial (*see People v Felder*, 47 NY2d 287, 291 [1979]). When a defendant has wrongly been denied counsel at a particular proceeding, we do not inquire whether the presence of counsel would have changed that proceeding's result. In this sense, the denial of the right to counsel may not be treated as "harmless." But the remedy to which a defendant is entitled ordinarily depends on what impact, if any, the tainted proceeding had on the case as a whole. Where it had none, the conviction will be affirmed notwithstanding the error—and in that sense, the harmless error rule does apply. (*Cf. People v Wicks*, 76 NY2d 128, 133 [1990] ["The denial of counsel at a preindictment preliminary hearing . . . does not necessarily invalidate the trial"].)

*Slaughter* and *Carracedo* both show that a violation of the right to counsel at a suppression hearing does not require reversal of a conviction if it did not affect the trial. In *Slaughter*, we held that an error in permitting a defendant to proceed pro se at a suppression hearing "was not harmless" (78 NY2d

at 493), but we did not nullify his conviction; we remitted the case for a new suppression hearing, ordering a new trial only "in the event that defendant prevails" in the new hearing (*id.*). Similarly, in *Carracedo* the Appellate Division had found a violation of the right to counsel at a suppression hearing and remanded for a new hearing. The new hearing was held, and the evidence was not suppressed; we held that defendant's original conviction could stand (89 NY2d at 1061). Since *Slaughter* and *Carracedo* hold that an error that taints a hearing may be shown, after a new hearing, to have done no harm to the trial, the dissent is incorrect in saying that we have "never before today" applied harmless error analysis in a deprivation of counsel case (dissenting op at 562).

This case differs from *Slaughter* and *Carracedo* only in that no new hearing is necessary to prove that the flaw in the original hearing did not prejudice defendant at trial, and so was harmless. We assume, for purposes of our analysis, that if defendant had had a lawyer at the hearing he would have prevailed, and his statements would have been suppressed. In that event, the prosecution would still have had the victim's testimony, the testimony about her prompt complaint, the medical evidence and the DNA evidence. But for the last of these, we might reach a different result, for defendant's statements, though not confessions, are significant evidence of his guilt; but that guilt was proved conclusively anyway by the DNA. When a man's semen is found in a nine-year-old girl's vagina, the evidence that he raped her is, as the Appellate Division said, "truly overwhelming" (18 AD3d at 113). Defendant has not offered, either to the jury or to us, any theory that casts any doubt on his guilt. We therefore conclude that the error committed at the suppression hearing was harmless beyond a reasonable doubt (*Chapman v California*, 386 US 18, 24 [1967]; *People v Crimmins*, 36 NY2d 230, 237 [1975]).

We add a word of caution: Our holding does not imply that the harmless error rule can always be applied where the right to counsel has been violated. Special cases may call for special remedies. Thus in *People v Hilliard* (73 NY2d 584 [1989]), a judge had ordered the defendant's counsel to have no contact with him for 30 days after his arraignment. This violation of the defendant's right did not, as far as the *Hilliard* opinion shows, contribute to his conviction; presumably, the defendant had an opportunity to consult with counsel after the 30 days expired. Without inquiring into this question, we reversed the

defendant's conviction and ordered the indictment dismissed. *Hilliard* shows that, where a deprivation of the right to counsel was egregious, and where to leave it unremedied might invite future abuse, appellate courts may grant relief even though the defendant was not prejudiced by the error.

But we are not prepared to hold, as our dissenting colleagues apparently would, that every pretrial violation of the right to counsel, even if it did not affect the outcome of the case, must have some remedy. The right to counsel is indeed very important. But even deprivations of important constitutional rights do not require a remedy when it is clear beyond reasonable doubt that they did not contribute to a conviction (*People v Crimmins*, 36 NY2d at 237). There are rare exceptions, when a defendant has been denied "his fundamental right to a fair trial" (*id.* at 238), but a violation of the right to counsel at a pretrial hearing is not among them, as *Slaughter*, *Carracedo* and *Wicks* demonstrate.

The harmless error rule serves important interests. In this case, it serves the interest of a child who was raped, by protecting her against the risk of having to testify at a second trial, where her attacker's guilt was amply proved at the first one. And it serves the interests of society in punishing heinous crimes like this one with as much efficiency and promptness as possible without unfairness to defendants. There is no unfairness to this defendant, for he is entitled to no better result than the best he could have obtained if he had been represented by counsel at the *Huntley* hearing. Since that result—suppression of his statements to the police—could not have prevented defendant's conviction, the conviction stands.

Accordingly, the order of the Appellate Division should be affirmed.

CIPARICK, J. (dissenting). It is a sad day when the Court of Appeals deviates from its heretofore robust protection of the right to counsel as conceived under the State's Constitution solely because of the proof of guilt and the heinousness of the crimes alleged. Contrary to our jurisprudence, the majority has focused on indicia of "overwhelming" evidence of guilt in order to apply harmless error when a defendant was deprived of the right to counsel at a critical stage of the proceeding—a pretrial suppression hearing.

A defendant has a constitutionally protected right to counsel

at a pretrial suppression hearing equal to that at trial (*see Coleman v Alabama*, 399 US 1, 9-10 [1970]; *see also People v Anderson*, 16 NY2d 282, 287-288 [1965]). Deprivation of that right was never before today subject to a harmless error analysis in this state (*see People v Hilliard*, 73 NY2d 584, 587 [1989]).* Indeed, this Court's long-established jurisprudence has repeatedly recognized the fundamental importance of legal representation to protect the balance between an accused and the prosecutorial power of the State. Were the defendant deprived of counsel at trial itself, however overwhelming the proof of guilt—DNA evidence, confession, eyewitnesses—surely no one would argue that he was not entitled to a new trial. This is not because a new trial is necessary to establish guilt, but rather because the courts must protect the fairness and integrity of our criminal justice system.

Judges ROSENBLATT, GRAFFEO and READ concur with Judge R.S. SMITH; Judge CIPARICK dissents in a separate opinion in which Chief Judge KAYE and Judge G.B. SMITH concur.

Order affirmed.

---

* Contrary to the majority opinion, neither *People v Slaughter* (78 NY2d 485 [1991]) nor *People v Carracedo* (89 NY2d 1059 [1997]) hold otherwise. In *Slaughter*, we explicitly refrained from deciding whether harmless error analysis applies to deprivation of counsel at a suppression hearing (*see* 78 NY2d at 492 ["Assuming, without deciding, that harmless error analysis applies here, we hold that defendant's ineffective waiver of counsel was not harmless" (citation omitted)]). Likewise, our opinion in *Carracedo* does not discuss the subject of harmless error, but instead focuses on the proper remedy for a deprivation of counsel violation.