■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEHRAN MUHAMMAD, JR., Appellant. [837 NYS2d 809]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph S. Forma, J.), rendered December 14, 2005. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree and attempted burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, rape in the first degree (Penal Law § 130.35 [1]), defendant contends that his waiver of the right to appeal was invalid. We reject that contention (*see generally People v Callahan*, 80 NY2d 273, 283 [1992]). During the plea colloquy, defendant indicated that he understood that he had the right to appeal and had discussed that right with his attorney, that the appellate court could address legal error and could order a variety of legal remedies, including dismissal of the indictment. He further indicated that he was giving up his right to appeal as a condition of his plea, of his own free will. The valid waiver by defendant of the right to appeal encompasses his challenge to the severity of his sentence (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]).

We further conclude that Supreme Court did not abuse its discretion in denying the motion of defendant to withdraw his plea (*see generally People v Seeber*, 4 NY3d 780 [2005]). In denying the motion, the court rejected the contention of defendant that he was "confused" and that his attorney had told him to plead guilty. The prosecutor recounted both the overwhelming evidence against defendant, including his confession, and the circumstances of the plea. The court additionally ordered the plea transcript and, upon reviewing it, the court noted that it had been careful to ensure that defendant's plea was freely and knowingly given. Finally, we conclude that defendant did not establish the requisite good cause for substitution of counsel (*see People v Sides*, 75 NY2d 822, 824 [1990]), nor has he alleged, much less established, that the purportedly tainted proceeding during which the court examined his request for substitution of counsel had any effect "on the case as a whole" (*People v Wardlaw*, 6 NY3d 556, 559 [2006]). Present—Scudder, P.J., Martoche, Smith, Centra and Peradotto, JJ.