People v Bailey (2019 NY Slip Op 03671)





People v Bailey


2019 NY Slip Op 03671


Decided on May 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2019

Sweeny, J.P., Gische, Tom, Gesmer, Singh, JJ.


9261 4019/14

[*1]The People of the State of New York, Respondent,
v
Darien Bailey, Defendant-Appellant.


Marianne Karas, Thornwood, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Luis Morales of counsel), for respondent.



Judgment, Supreme Court, New York County (Abraham Clott, J.), rendered December 23, 2015, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second felony offender, to a term of seven years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). Moreover, the multiple eyewitnesses provided overwhelming evidence of defendant's guilt. There is no basis for disturbing the jury's credibility determinations.
In this retrial following a mistrial, the court properly admitted a witness's testimony from the first trial pursuant to CPL 670.10(1)(a), "since there is no evidence that the People's failure to produce the witness was in any way due to indifference or strategic preference" (People v Carracedo, 228 AD2d 199, 199 [1st Dept 1996], affd 89 NY2d 1059 [1997]). At a hearing, the People's investigator testified about his extensive efforts to locate the witness, establishing that the People were unable to do so with due diligence. Furthermore, defendant received a full opportunity to impeach the witness at the first trial. Accordingly, defendant was not deprived of his right of confrontation (see People v Arroyo, 54 NY2d 567 [1982], cert denied 456 US 979 [1982]).
Defendant did not preserve his claim that the court unduly limited his ability to impeach a police witness or any of his challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. We have considered and rejected defendant's ineffective assistance of counsel claims based on the lack of preservation.
We also find that any error in any of the trial rulings challenged on appeal was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 9, 2019
CLERK