People v Hamilton (2019 NY Slip Op 06153)





People v Hamilton


2019 NY Slip Op 06153


Decided on August 20, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2019

Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Moulton, JJ.


2684/14 -682/16 9396 9395 9394

[*1]The People of the State of New York, Respondent,
v
Robin Hamilton, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Arielle Reid of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Gliner of counsel), for respondent.



Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered December 1, 2015, convicting defendant, after a jury trial, of tampering with physical evidence, and sentencing her, as a second felony offender, to a term of two to four years, unanimously affirmed. Judgment, same court (Arlene D. Goldberg, J. at motion to conduct conditional examination; James M. Burke, J. at motions to introduce conditional examination and for consolidation; Edward J. McLaughlin, J. at jury trial and sentencing), rendered July 12, 2016, as amended July 18 and October 25, 2016, convicting defendant of robbery in the first degree, robbery in the second degree (two counts), kidnapping in the second degree, burglary in the second degree and criminal possession of stolen property in the fourth degree, and sentencing her, as a persistent violent felony offender, to an aggregate term of 50 years to life, concurrent with the sentence imposed on the prior judgment, unanimously modified, on the law, to the extent of remanding for resentencing, and otherwise affirmed.
Although the court should have permitted defendant to introduce expert testimony on cross-racial identifications, we find that any error in this regard was harmless (see People v Crimmins, 36 NY2d 230 [1975]). The identification made by one of the robbery victims was only a small component of the People's overwhelming case, which included extensive circumstantial evidence of various kinds. Even if some pieces of circumstantial proof could be viewed in isolation as equivocal, when the evidence is viewed as a whole it permits no rational conclusion other than defendant's guilt.
The court providently exercised its discretion in admitting evidence of uncharged robberies committed in Queens as part of a closely connected series of crimes, including the charged crimes, that occurred over several days and involved the same participants. Details of the uncharged crimes, such as the involvement of certain cars associated with defendant, and the participation of the same accomplices, provided circumstantial evidence of identity (see e.g. People v Whitley, 14 AD3d 403, 405 [1st Dept 2005], lv denied 4 NY3d 892 [2005]). Moreover, defendant made a confession that directly admitted one of the Queens crimes but could reasonably be viewed as admitting the entire series of robberies. The probative value of the evidence at issue outweighed its prejudicial effect. We have considered and rejected defendant's related challenge to the court's jury instructions.
The respective courts providently exercised their discretion in granting the People's motion to conduct a conditional examination of the above-discussed identifying witness while she was briefly in the United States, and in admitting a video recording of the examination at trial pursuant to CPL 670.10. The People established that at the time of trial, "the witness was outside the country and could not with due diligence be brought before the court" (People v Carracedo, 228 AD2d 199, 200 [1st Dept 1996], affd 89 NY2d 1059 [1997]). The same defense [*2]counsel "had the opportunity for full cross-examination of the witness" at the videotaped examination, and "there is no evidence that the People's failure to produce the witness was in any way due to indifference or strategic preference" (id. at 199). Furthermore, the record establishes that the People met their burden under People v Diaz (97 NY2d 109, 117 [2001]) of diligently attempting to convince a witness beyond the subpoena power of the United States to voluntarily return. In any event, any error as to the conditional examination was harmless.
Defendant was not deprived of her right to be present at the discussion of legal issues, since she had an opportunity to provide input on some of those issues, and otherwise would have been unlikely to offer input that could have affected the outcome (see People v Roman, 88 NY2d 18, 25-26 [1996]; People v Acevedo, 112 AD3d 454, 454 [1st Dept 2013], lv denied 23 NY3d 2017 [2014] People v Liggins, 19 AD3d 324 [1st Dept 2005], lv denied 5 NY3d 853 [2005]).
We reject defendant's argument that the kidnapping conviction was against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). An accomplice's display of an apparent firearm in the course of a robbery in a car operated as an implicit threat to use deadly force during the ensuing kidnapping, in which the victim was restrained in the car for about half an hour to an hour after the taking of her purse, and this threat clearly prevented her from attempting to leave (see People v Dodt, 61 NY2d 408, 411 [1984]). Defendant's similar argument that the court should have charged second-degree unlawful imprisonment as a lesser included offense of second-degree kidnapping is also unavailing, because there is no reasonable view of the evidence that she committed the lesser included offense but not the greater (see generally People v Rivera, 23 NY3d 112, 120 [2014]).
Defendant failed to preserve her contentions that separate incidents were improperly joined, that the kidnapping count should have been dismissed under the merger doctrine, that uncharged crimes evidence was unsealed in violation of CPL 160.50(1)(d), that she was deprived of her right to a speedy trial, and that the court's inquiry into an issue involving a juror was inadequate, and we reject defendant's arguments on preservation-related matters. We decline to review any of these unpreserved claims in the interest of justice. As an alternative holding, we find them unavailing.
The resentencing court's statement that consecutive terms of 25 years to life should be imposed on first-degree robbery as to one incident, and second-degree kidnapping as to another incident, was inconsistent with both the sentence and commitment sheet and the fact that defendant's convictions of those offenses arose from the same incident. Accordingly, the court's intended sentence is unclear. Inasmuch as the sentencing Justice has retired, we conclude that a full de novo sentencing proceeding would be appropriate, and we remand for that purpose.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 20, 2019
DEPUTY CLERK