People v Sanders (2022 NY Slip Op 04227)

People v Sanders

2022 NY Slip Op 04227

Decided on June 30, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 30, 2022

Before: Kapnick, J.P., Friedman, Moulton, Shulman, Pitt, JJ. 

Ind No. 3295/16 Appeal No. 16238 Case No. 2018-3560 

[*1]The People of the State of New York, Respondent,
v
William Sanders, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Katharine Skolnick of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered January 18, 2017, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of eight years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). The evidence overwhelmingly established defendant's intent to steal merchandise, and to retain it by swinging a metal device with a hook at two security guards who had ordered defendant to return the property and attempted to stop him from leaving the store (see People v Behlin, 200 AD3d 474 [1st Dept 2021], lv denied 38 NY3d 925 [2022]; see also People v Gordon, 23 NY3d 643, 650-651 [2014]). Nothing in the evidence supports defendant's alternative theories, such as that he was innocently shopping and was defending himself against what he believed to be an attack by a stranger.
Defendant's waiver of his right to counsel at pretrial proceedings was not knowing, intelligent, and voluntary, because the record of the court's colloquy does not "demonstrate that defendant was aware of his actual sentencing exposure," and the court did not adequately "warn defendant about the numerous pitfalls of representing himself before and at trial, such as unfamiliarity with legal terms, concepts, and case names" (People v Perry, 198 AD3d 576, 576-577 [1st Dept 2021], lv denied 37 NY3d 1164 [2022]). However, we conclude that defendant is not entitled to any new pretrial proceedings or a new trial. Even assuming that defendant would have prevailed at each of the proceedings where his request to represent himself was improperly granted, we find that none of these proceedings had any impact on the case as a whole in light of the overwhelming evidence of guilt (see People v Wardlaw, 6 NY3d 556, 559-560 [2006]).
Defendant's contention that the court constructively amended the indictment is concededly unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
The posttrial loss of a video exhibit does not preclude appellate review under the particular circumstances of this case, because the content of the video can be gleaned from the record (see People v Yavru-Sakuk, 98 NY2d 56, 59-60 [2002]).
THIS [*2]CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 30, 2022