# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision
before publication in the New York Reports.

No. 77
The People &c.,
   Respondent,
  v.
Donnell Baines,
   Appellant.

Joseph M. Nursey, for appellant.
Steven C. Wu, for respondent.

TROUTMAN, J.:

When a criminal defendant unequivocally requests self-representation, the court must undertake a searching inquiry to ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent before allowing the defendant to proceed pro

se. "Although we have eschewed application of any rigid formula and endorsed the use of a nonformalistic, flexible inquiry, the court's record exploration of the issue must accomplish the goals of adequately warning a defendant of the risks inherent in proceeding *pro se*, and apprising a defendant of the singular importance of the lawyer in the adversarial system of adjudication" (*People v Arroyo*, 98 NY2d 101, 104 [2002] [internal quotation marks omitted]). The court failed to conduct a sufficient inquiry in this case, and therefore defendant's waiver of the right to counsel was not effective.

I.

Defendant was initially indicted on one count of promoting prostitution in the third degree. On November 3, 2010, defendant requested to "handle [his] case pro se" due to a disagreement with his assigned attorney regarding whether he should testify before the grand jury that was considering additional charges in his case. The court granted defendant's request to relieve his assigned attorney but stated that the court would "contact the 18 B panel for a new lawyer," and once that attorney appeared, the court would further discuss with defendant his request to proceed pro se.

Defendant thereafter appeared before the grand jury with a new attorney. On November 5, a superseding indictment was filed charging defendant with several sex trafficking and related counts.

Defendant was arraigned on the superseding indictment on November 17, 2010. During that appearance, the court stated that defendant was "still acting pro se with [the new attorney] as his legal advisor." The attorney likewise confirmed that defendant "still wants to go pro se." At subsequent pretrial appearances, the court continued to state that

defendant was representing himself and that the attorney present was defendant's "legal advisor." In June of 2011, after defendant expressed dissatisfaction with his assigned legal advisor, the court appointed a new attorney as defendant's legal advisor but confirmed that defendant remained pro se.

Defendant continued to represent himself until August 27, 2012, when the third attorney assigned as defendant's legal advisor informed the court that defendant wanted her to represent him during his upcoming trial. Defendant therefore represented himself, with varying levels of assistance from his legal advisors, throughout pretrial motion practice and during the pretrial suppression hearing.

The Appellate Division modified the judgment by vacating defendant's conviction of promoting prostitution in the second degree and reducing the sentence, and otherwise affirmed (178 AD3d 476 [1st Dept 2019]). As relevant here, the Appellate Division rejected defendant's contention that he was "deprived of his right to counsel when the court allowed him to proceed pro se at pretrial proceedings," concluding that the record as a whole established that defendant made a knowing, voluntary, and intelligent waiver of his right to counsel (*id.* at 476-477).

A Judge of this Court granted defendant leave to appeal (37 NY3d 970 [2021]).

II.

Initially, on this record, we reject defendant's contention that he was unrepresented by counsel during the second grand jury presentation. The record does not demonstrate

that the court designated defendant as pro se before that grand jury appearance.[1]

As the People concede, however, defendant was representing himself on November 17, 2010—when the court stated that defendant was "acting pro se" and that the attorney present was defendant's "legal advisor"—until August 27, 2012.  The People contend that viewing the record as a whole, defendant made a knowing, voluntary and intelligent waiver of the right to counsel.  We disagree.

Criminal defendants have a constitutional right to be represented by counsel or to represent themselves if they so choose (*see People v Silburn*, 31 NY3d 144, 150 [2018]; *Arroyo*, 98 NY2d at 103).  Before a defendant may choose self-representation, however, the defendant " 'must make a knowing, voluntary and intelligent waiver of the right to counsel' " (*People v Crampe*, 17 NY3d 469, 481 [2011], quoting *Arroyo*, 98 NY2d at 103).  "To ascertain whether a waiver is knowing, voluntary and intelligent, a court must undertake a 'searching inquiry' designed to 'insur[e] that the defendant [is] aware of the dangers and disadvantages of proceeding without counsel' " (*Crampe*, 17 NY3d at 481, quoting *People v Providence*, 2 NY3d 579, 582 [2004]).  "Additionally, a searching inquiry encompasses consideration of a defendant's pedigree since such factors as age, level of education, occupation and previous exposure to the legal system may bear on a waiver's validity" (*Crampe*, 17 NY3d at 482).

We have "consistently refrained from creating a catechism for this inquiry,

---

[1] To the extent defendant asserts that events occurring outside the record support his claim that he was unrepresented before the grand jury, he may raise that issue by way of a CPL article 440 motion.

recognizing that it 'may occur in a nonformalistic, flexible manner' " (*Providence*, 2 NY3d at 580, quoting *People v Smith*, 92 NY2d 516, 520 [1998]). For a waiver of the right to counsel to be effective, the court's discussion of the issue with the defendant " 'must accomplish the goals of adequately warning a defendant of the risks inherent in proceeding *pro se*, and apprising a defendant of the singular importance of the lawyer in the adversarial system of adjudication' " (*Arroyo*, 98 NY2d at 104, quoting *Smith*, 92 NY2d at 520). "[A] reviewing court may look to the whole record, not simply to the waiver colloquy, in order to determine if a defendant effectively waived counsel" (*Providence*, 2 NY3d at 583).

Here, the court's record exploration of the issue did not warn defendant of the risks of proceeding pro se or apprise him of the importance of a lawyer in the adversarial system, nor does the record as a whole demonstrate that defendant effectively waived his right to counsel. Initially, the court conducted no discussion whatsoever of these issues before stating that defendant was representing himself on November 17, 2010. Although the court later told defendant that it was "not a great idea" to represent himself, that defendant was putting himself "in a very bad position," and that a lawyer would have knowledge of criminal procedure that defendant did not, these brief, generalized warnings do not satisfy the requirement for a searching inquiry (*see Smith*, 92 NY2d at 521; *People v Sawyer*, 57 NY2d 12, 21 [1982]).

We disagree with the People that the April 11, 2012 colloquy before a different Justice rendered defendant's waiver of the right to counsel effective. Setting aside that defendant did not unequivocally request self-representation during that appearance and had been representing himself for nearly a year and a half by that time (*see Crampe*, 17 NY3d

at 483), the court's discussion with defendant similarly informed him, in various ways, that it was "not a good idea" to represent himself and that defendant was making a mistake. Viewing the record as a whole (*see Providence*, 2 NY3d at 583), the court failed to inform defendant of the "dangers and disadvantages of self-representation" or the "singular importance of [a] lawyer in the adversarial system of adjudication" (*Arroyo*, 98 NY2d at 104 [internal quotation marks omitted]). Defendant's waiver of the right to counsel therefore was not knowing, voluntary, and intelligent.

We continue to recognize that "the multifaceted problems generated by a motion to proceed *pro se* make the task of the trial court exceedingly difficult" (*Crampe*, 17 NY3d at 483 [internal quotation marks and alterations omitted]). We note, however, that when the court, in its discretion, permits standby counsel (*see Silburn*, 31 NY3d at 151), it should explain to the defendant the court's rules regarding the role of a legal advisor or standby counsel and how that role differs from representation by an attorney. No such explanation was given here.

### III.

The remedy for deprivation of counsel during pretrial proceedings is not automatically vacatur of the judgment and a new trial, as defendant requests, nor can we simply conclude that the error was harmless, as the People argue. Rather, when a defendant has been deprived of counsel during pretrial proceedings without an effective waiver, we generally remit for a repeat of the pretrial proceeding during which the defendant was deprived of counsel (*see People v Wingate*, 17 NY3d 469, 484 [2011]; *People v Slaughter*, 78 NY2d 485, 493 [1991]; *see also People v Carracedo*, 89 NY2d 1059, 1061-1062 [1997];

*cf. People v Wardlaw*, 6 NY3d 556, 559-561 [2006]).   If the defendant is successful upon remittal, then, depending on the nature of the motion, the defendant may be entitled to a new trial or some other appropriate relief, and if the defendant is not successful, then the judgment is to be amended to reflect that result (*see Wingate*, 17 NY3d at 484).

That is the appropriate remedy here.  Defendant was unrepresented by counsel from November 17, 2010 to August 27, 2012.  He is entitled to remittal to Supreme Court for an opportunity to make whatever pretrial motions were or could have been made during that period, as he or his counsel deem appropriate,[2] and the corresponding substantive pretrial proceedings.  In light of this remedy, we do not address defendant's appellate contentions regarding his suppression motion.  Finally, defendant presents no arguments on this record regarding his pro se CPL 30.30 motion that require dismissal of the indictment.

Accordingly, the order of the Appellate Division should be modified in accordance with this opinion and, as so modified, affirmed.

Order modified in accordance with the opinion herein and, as so modified, affirmed.
Opinion by Judge Troutman. Acting Chief Judge Cannataro and Judges Rivera, Garcia, Wilson and Singas concur.

Decided October 20, 2022

---

[2] Defendant, of course, retains the right to proceed pro se upon remittal if he so chooses, after the requisite searching inquiry guaranteed by our precedent.