■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BREZEAU MAXIME, Also Known as MAXIME BREZEAU, Appellant. [688 NYS2d 182] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Minardo, J.), rendered November 22, 1996, convicting him of assault in the second degree (two counts) and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of reckless endangerment in the first degree beyond a reasonable doubt

(*see, e.g., People v Perkins,* 177 AD2d 720). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

However, at the close of the People's case, the defendant expressed dissatisfaction with his assigned counsel and requested a new attorney. The court refused this request and provided the defendant with the option of continuing with his attorney or proceeding *pro se,* but at no time did the court warn the defendant as to the risks inherent in proceeding *pro se.* The defendant decided to act as his own attorney during a portion of the trial.

A defendant's implied waiver of his right to counsel is ineffective absent " 'a sufficiently "searching inquiry" of the defendant to be reasonably certain that the "dangers and disadvantages" of giving up the fundamental right to counsel have been impressed on the defendant' " (*People v Slaughter,* 78 NY2d 485, 491, quoting *People v Sawyer,* 57 NY2d 12, 21, *cert denied* 459 US 1178; *see, Faretta v California,* 422 US 806, 835). Here, the court's failure to make any inquiry, or in any way warn the defendant concerning the risks of proceeding *pro se,* makes the defendant's waiver of his right to counsel ineffective (*see, People v Slaughter, supra*). That failure constitutes reversible error (*see, People v Anderson,* 125 AD2d 580; *People v Bonds,* 99 AD2d 759).

The defendant's remaining contention is without merit. Ritter, J. P., Altman, Friedmann and Goldstein, JJ., concur.