█ The People of the State of New York, Appellant, v Cheryl Adams, Respondent. [709 NYS2d 509] —Order, Supreme Court, Bronx County (Frank Torres, J.), entered May 7, 1999, which granted defendant's motion to set aside the jury verdict convicting defendant of criminal sale of a controlled substance in or near school grounds, criminal sale of a controlled substance in the third degree, and two counts of criminal possession of a controlled substance in the third degree and dismissed the indictment, unanimously reversed, on the law, the verdict reinstated, and the matter remitted to the Supreme Court for sentencing.

Viewing the evidence in the light most favorable to the People, we find it sufficient to lead a rational trier of fact to conclude that all of the elements of the three crimes the defendant was convicted of were satisfied beyond a reasonable doubt (People v Tejada, 249 AD2d 208, lv denied 92 NY2d 906).

The trial testimony established that in response to an undercover officer's request for drugs, a man pointed to two women across the street, and drew their attention by yelling

"yo." The officer then went over to the women and asked them for "three dimes." Defendant initially expressed reluctance, asking "do you know me?" and stating "don't ask me for drugs," but when the officer explained that there was nobody selling drugs in the area where he usually bought them, defendant handed the other woman pink packets of cocaine. The other woman completed the sale, which took place approximately 986 feet from a school.

To establish an acting-in-concert theory in the context of a drug sale, the People were required to prove that defendant possessed the mental culpability to commit the crime charged and that, in furtherance thereof, she solicited, requested, commanded, importuned or intentionally aided the principal in the commission of the crime (Penal Law § 20.00; *People v Kaplan*, 76 NY2d 140, 144-146; *People v Johnson*, 238 AD2d 267, *lv denied* 90 NY2d 894). "[I]ntegral to each inquiry is whether a defendant exhibited any calculated or direct behavior that purposefully affected or furthered the sale of the controlled substance" (*People v Bello*, 92 NY2d 523, 526).

The trial court dismissed the indictment, finding insufficient evidence that the defendant was acting in concert with the woman who sold the undercover cocaine. In the court's view, the defendant's initial rejection of the undercover officer's request for drugs established that she did not share a community of purpose with the other woman. However, the officer testified that defendant transferred the drugs to the other woman immediately following his explanation that he came to them because no one was selling drugs at his usual spot. There was no evidence of a time lag or other break in the transaction, and the court ignored the evidence regarding the various roles of participants in a drug sale (*see, People v Tention*, 162 AD2d 355, 356, *lv denied* 76 NY2d 991 [silent defendant's conduct "bespeaks involvement" in drug sale]).

It is clear from the court's decision, in which it referred to the demeanor of the undercover officer on the stand, that it assessed and implicitly rejected the officer's testimony. However, CPL 330.30 (1) limits the trial court's authority to set aside or modify a verdict, as relevant here, to a case of error, "which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court" (*see, People v Carter*, 63 NY2d 530, 536). Thus, the court had no power to re-evaluate the quality or weight of the evidence; defendant did not contend that the undercover's testimony was incredible as a matter of law (*see, People v Carthrens*, 171 AD2d 387, 392 [legal suffi-

ciency may be predicated upon lack of witness credibility only where the testimony is incredible as a matter of law]), and, in any event, there is no basis for such a finding. Concur— Nardelli, J. P., Mazzarelli, Lerner and Friedman, JJ.