■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH CAMPBELL, Also Known as LEROY MILLER, Appellant. [721

NYS2d 681] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Golia, J.), both rendered February 22, 1999, convicting him of attempted criminal sale of a controlled substance in the third degree, under Indictment No. 13211/93, and attempted criminal sale of a controlled substance in the third degree, under Indictment No. 13274/93, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are modified, on the law, by vacating the sentences imposed thereon; as so modified, the judgments are affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.

The defendant's knowing, voluntary, and intelligent waivers of his right to appeal his convictions encompass his claim that the Supreme Court erred in denying his motion to dismiss the indictments based on an unreasonable delay in sentencing (see, People v Espinal, 277 AD2d 464; People v Jones, 255 AD2d 456).

However, the defendant was deprived of his right to counsel at sentencing. Accordingly, his sentences must be vacated. Prior to sentencing, the defendant moved to relieve assigned counsel and requested a new attorney. Without making any inquiry into the defendant's ability to proceed pro se and his understanding of the risks in doing so, and in the absence of any request to represent himself, the court nevertheless relieved counsel and directed the defendant to proceed pro se. The defendant did not effectively waive his right to counsel and should not have been sentenced without an attorney (see, People v Smith, 92 NY2d 516; People v Slaughter, 78 NY2d 485; People v Sawyer, 57 NY2d 12, cert denied 459 US 1178; People v Maxime, 260 AD2d 406).

In light of our determination, it is unnecessary to address the defendant's remaining contention. Santucci, J. P., S. Miller, McGinity and Smith, JJ., concur.