*536 Rosenblatt, J.
(concurring). I write separately to explain-why I concur in the Court’s opinion.
In Supreme Court, defendant moved unsuccessfully to dismiss the indictment, based on his claim that the court delayed unreasonably in sentencing him. As this Court points out, defendant used four aliases, nine different dates of birth, five inconsistent places of birth and was the subject of four different NYSID numbers, along with numerous bench warrants. Considering that defendant’s evasiveness prevented the court from sentencing him promptly, his claim of unreasonable delay elevates “chutzpah” to new heights.
Surely this was not lost on the Appellate Division. Had defendant’s evasiveness been the basis for that Court’s decision, the prosecutor could plausibly argue here that defendant waived any right to appeal a self-created delay in sentencing. The Appellate Division, however, did not allude to the facts, but cited People v Espinal (277 AD2d 464 [2000]) and People v Jones (255 AD2d 456 [1998]) for the blanket proposition that by general waiver, defendants are flatly foreclosed from ever appealing on the basis of an impermissible delay in sentencing (see People v Campbell, 281 AD2d 488, 489 [2001]).
I agree with my colleagues that such total foreclosure of appeals would improperly bar defendants from seeking judicial review of impermissibly-delayed sentences (i.e., delays that are unforeseeable and not the fault of the defendant). A defendant who pleads guilty and waives the right to appeal should not be barred from seeking appellate review of a delayed-sentence claim where (unlike here) the defendant did not cause and could not anticipate the delay.
This Court has remitted the matter to the Appellate Division with the proviso that our decision “should not be construed as impeding the Appellate Division in this case from affirming Supreme Court’s factual determinations” (majority op at 535). Although this necessarily entails an extra step, it is surely an appropriate directive, aptly understated but entirely in accord with what the Appellate Division might well have thought, but did not say.
Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur with Judge Graffeo; Judge Rosenblatt concurs in a separate concurring opinion.
Order reversed, etc.