■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VLADIMIR CERVEIRA, Appellant. [774 NYS2d 708]—

Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered November 27, 2002, convicting defendant, upon his plea of guilty, of manslaughter in the first degree, and sentencing him to a term of 25 years, unanimously affirmed.

To the extent that any plea withdrawal application appears in the record, that application was made on different grounds from those asserted on appeal. Therefore, defendant's claim that his plea was rendered involuntary by the court's allegedly coercive remarks and its allegedly inaccurate description of defendant's sentencing exposure is unpreserved (*People v Ali*, 96 NY2d 840 [2001]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the plea was voluntary (*see Bordenkircher v Hayes*, 434 US 357, 364 [1978]). Although some of the court's statements in connection with the plea were ill-advised, the record establishes that at the time the challenged remarks were made, defendant, upon advice of counsel, had already made a decision to plead guilty (*see People v Irizarry*, 295 AD2d 121 [2002], *lv denied* 98 NY2d 711 [2002]). The record fails to support defendant's claim that the court misstated the effect of postrelease supervision on defendant's sentence. Concur—Tom, J.P., Saxe, Ellerin and Lerner, JJ.