■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT PATTERSON, Appellant. [779 NYS2d 701]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered January 7, 2002. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree, petit larceny and criminal possession of stolen property in the fifth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20), petit larceny (§ 155.25) and criminal possession of stolen property in the fifth degree (§ 165.40). We reject the contention of defendant that County Court abused its discretion in denying his motion to withdraw the plea on the ground that

a preliminary hearing had not been conducted prior to indictment. Having pleaded guilty, he was "no longer entitled to the relief requested . . . for failure to comply with CPL 180.80" (*People ex rel. Wagner v Infante,* 167 AD2d 630, 631 [1990]). We further reject the contention of defendant that the court abused its discretion in denying his motion to withdraw the plea based on his alleged denial of effective assistance of counsel. "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford,* 86 NY2d 397, 404 [1995]). Here, to the extent that defendant's contention survives the plea of guilty (*see generally People v Burke,* 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]), we conclude that it is lacking in merit. The record belies defendant's contention that defense counsel made no demand for discovery, no request for a bill of particulars and no pretrial motions. Although defendant pleaded guilty to each of the charges in the indictment, his sentence as a second felony offender was less than the maximum allowed and, in fact, was a lighter sentence than that recommended by the People. Finally, we conclude that the court did not abuse its discretion in refusing to recuse itself based on "the possibility," raised by defendant for the first time at sentencing, that the court had represented him 12 years earlier on a different matter while still a practicing attorney (*see generally* Judiciary Law § 14; *People v Moreno,* 70 NY2d 403, 405-406 [1987]). Even if true, defendant's allegation does not constitute a basis for disqualification under Judiciary Law § 14, nor does it cast an appearance of impropriety on the court's ability to act without bias in accepting defendant's plea. Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Lawton and Hayes, JJ.