■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM ADAMS, Respondent. [788 NYS2d 36]—

Order, Supreme Court, New York County (John E.H. Stackhouse, J.), entered on or about February 6, 2004, which granted defendant's motion, pursuant to CPL 330.30, to set aside a jury verdict convicting him of criminal sale of a controlled substance in or near school grounds, unanimously reversed, on the law, defendant's motion denied, the jury's verdict reinstated, and the matter remitted to the Supreme Court for sentencing.

In the middle of what was expected to be a one-week trial, defense counsel informed the court that a crucial defense witness, who would testify that defendant had not sold him a glassine envelope of heroin, would be unavailable for several days, having been hospitalized after suffering a stroke. After giving the defense an opportunity to present the witness by delaying the completion of trial to that Friday, the court adjourned trial from Friday to Tuesday to give the defense one last chance to present the witness. On Tuesday, the court personally spoke to the witness's doctor who, while refusing to discuss any details of the witness's condition, indicated that the witness would "probably" be in the hospital until Thursday, but could not state "when, if ever[,] [the witness] would be able to testify." Although the court pressed her as to whether the witness would be able to come to court, the doctor was unable to make an accurate prediction. Defense counsel on the other hand informed the court that defendant had visited the witness, who

was ambulatory, and that counsel had spoken to the witness on the phone and described him as articulate.

The defense's application for a further adjournment was denied and, over objections from both sides, the court directed the parties to stipulate to what the witness would testify if called. As stipulated, the witness, who was arrested at the same time as defendant, would testify that defendant had not given him a glassine envelope of heroin but had returned a straw from which the witness, who could not see well, had asked defendant to remove its paper covering.

The court informed the jury that the witness was still hospitalized and would be for "the foreseeable future" and the stipulated testimony was then read to the jury, which subsequently convicted defendant as charged. More than a year later, defendant moved, pursuant to CPL 330.30 (1), to set aside the jury's verdict on several grounds, including that he was deprived of a fair trial by the court's denial of a further adjournment. That motion was granted, resulting in this appeal by the People.

CPL 330.30 (1) limits a trial court's authority to set aside a jury's verdict to a case of error " 'which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court' (*see, People v Carter*, 63 NY2d 530, 536)" (*People v Adams*, 272 AD2d 177, 178 [2000], *lv dismissed* 95 NY2d 862 [2000]). Applying that standard to the facts of this case, it cannot be said that the trial court abused its discretion as a matter of law when it denied the defense a third opportunity to present its sole witness, the person to whom defendant was accused of selling a glassine envelope of heroin.

On the contrary, given that neither defense counsel nor the treating physician could assure it that the witness would be able to appear and testify at any reasonable time to which the trial could be deferred, the trial court, despite its subsequent change of mind on defendant's motion to set aside the jury's verdict, properly exercised its discretion in refusing defendant's request for a further adjournment. Moreover, whatever its disadvantages to both sides, the proffered testimony of the witness was stipulated to and read to the jury, thus presenting the witness's exculpatory version of events, however imperfectly. Concur—Andrias, J.P., Sullivan, Ellerin, Lerner and Marlow, JJ.