■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD BRUCHANAN, Also Known as BERNARD BUCHANAN, Appellant. [828 NYS2d 399]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered January 27, 2004, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him to a term of $3^{1/2}$ years, unanimously affirmed.

After conducting a suitable inquiry and providing defendant with a full opportunity to be heard, both in writing and orally, the court properly denied his motion to withdraw his guilty plea (*see People v Frederick*, 45 NY2d 520 [1978]). The court properly rejected defendant's baseless claims of innocence and coercion.

For the first time on appeal, defendant claims that his plea was rendered involuntary by the court's allegedly inaccurate statement, made during the codefendants' plea proceedings that immediately preceded defendant's plea, as well as during defendant's own plea allocution, that consecutive sentencing was a possibility in this case in the event of conviction after trial of multiple counts of weapon possession. Since this argument is distinct from the arguments defendant made in connection with his plea withdrawal motion, it is unpreserved (*see People v Ali*, 96 NY2d 840 [2001]; *People v Cerveira*, 6 AD3d 294 [2004], *lv denied* 3 NY3d 704 [2004]), and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. Even assuming that the court's reference to potential consecutive sentences was not justified under the facts of the case, the misstatement was not coercive because it was expressed in purely theoretical terms, and because, under the totality of circumstances, including the strength of the People's case, it could not have influenced defendant's decision to plead guilty (*see People v Garcia*, 92 NY2d 869 [1998]; *see also Hill v Lockhart*, 474 US 52, 59-60 [1985]).

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). Concur—Tom, J.P., Andrias, Friedman, Catterson and Kavanagh, JJ.