■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ADAMS, Appellant. [859 NYS2d 170]—

Judgment, Supreme Court, New York County (John E.H. Stackhouse, J., at jury trial; Gregory Carro, J., at sentence), rendered December 21, 2005, convicting defendant of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

For the reasons stated in our decision on a prior appeal in this case (13 AD3d 316 [2004]), we conclude that the trial court properly exercised its discretion in denying defendant's request for an adjournment. We have considered and rejected defendant's constitutional claim in this regard.

The sentencing court erred by permitting defendant to represent himself at his ultimate sentencing proceeding, without making the proper inquiry to establish he understood the risks of self-representation (*see People v Wardlaw*, 6 NY3d 556, 558 [2006]). However, denial of the right to counsel at a particular proceeding does not invariably require the remedy of repetition of the tainted proceeding, or any other remedy (*see id.* at 559). Here, the court indicated prior to sentencing that it intended to

impose the minimum sentence permitted by law, and it ultimately did so. Furthermore, by the time defendant chose to go pro se, his counsel had already sufficiently litigated issues relating to defendant's second felony offender status, and those issues were meritless in any event. Therefore, the tainted proceeding had no adverse impact (*id.*), and a remand for resentencing would serve no useful purpose.

Defendant's challenges to the prosecutor's summation and the court's supplemental jury charge are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Tom, J.P., Friedman, Nardelli, Buckley and Renwick, JJ.