THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL GRUEIRO, Also Known as RAUL GRUIERO, Appellant. [905 NYS2d 629]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered November 21, 2006, convicting him of manslaughter in the second degree and reckless endangerment in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the second felony offender adjudication, and the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new second felony offender determination, and for resentencing thereafter, in accordance herewith.

The Supreme Court erred in allowing the defendant to proceed pro se at the sentencing proceeding, without conducting a "searching inquiry" (*People v Smith*, 92 NY2d 516, 521 [1998]) to ascertain whether the defendant appreciated the dangers and advantages of giving up the fundamental right to counsel (*see People v Providence*, 2 NY3d 579, 582 [2004]; *People v Slaughter*, 78 NY2d 485, 491 [1991]; *People v Campbell*, 281 AD2d 488, 489 [2001], *revd* 97 NY2d 532 [2002]). Prior to imposing sentence, the Supreme Court adjudicated the defendant a second felony offender, despite the defendant's statements that he was "in the blind," and did not know what to do because he had no attorney. He further stated, "I guess I have to stand mute because I don't know what to do." In addition, when asked if he wished to challenge the constitutionality of his prior felony conviction, the defendant stated, "I will stand mute on that. I don't know what that is. I don't know what to do."

Contrary to the People's contention, the sentencing proceeding was "irreparably tainted" (*People v Wardlaw*, 6 NY3d 556, 559 [2006]), and the proper remedy, under the circumstances of this case, is a remittal to the Supreme Court, Kings County, for a new second felony offender determination, and a resentencing thereafter (*see People v Campbell*, 281 AD2d 488, 489 [2001]; *cf. People v Adams*, 52 AD3d 243, 243-244 [2008]). Prior to the new proceeding, the Supreme Court should conduct the searching inquiry required by *People v Smith* (92 NY2d 516, 520 [1998]) and similar cases.

The defendant's remaining contentions either are without merit, or need not be addressed in light of our determination. Dillon, J.P., Miller, Eng and Chambers, JJ., concur.