■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO ALVARADO, Appellant. [918 NYS2d 99]—

Since defendant's plea withdrawal application was made on different grounds from those asserted on appeal, his claim that the plea was rendered involuntary by the court's allegedly inaccurate description of defendant's sentencing exposure is unpreserved (see People v Cerveira, 6 AD3d 294 [2004], lv denied 3 NY3d 704 [2004]), and we decline to review it in the interest of justice. Furthermore, defendant did not make a CPL 440.10 motion, and to the extent his argument raises issues concerning the advice provided by counsel, it is unreviewable on the present, unexpanded record. As an alternative holding, we find that the record, including the transcript of a proceeding held one week before the plea, establishes that defendant received all the sentencing information he needed in order to make an intelligent choice among the available courses of action (see People v Ford, 86 NY2d 397, 403 [1995]).

Defendant's valid waiver of his right to appeal forecloses review of his claim that his second felony drug offender adjudication was procedurally defective (see People v Callahan, 80 NY2d 273, 281 [1992]; see also People v Samms, 95 NY2d 52, 56-58 [2000]). Aside from the waiver, this claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Concur—Tom, J.P., Friedman, Acosta and Román, JJ.

McGuire, J., concurs in a separate memorandum as follows: Defendant got precisely the sentence for which he bargained. But his first claim is that once the terms of the plea bargain changed during the plea proceeding so that he no longer was

required to admit to having been convicted previously of a violent felony offense and instead was required only to admit to having been convicted previously of a felony, the court was obligated to inform him of the sentencing range applicable to a class C drug felony committed by such a second felony offender (the "new sentencing range"). Although the plea bargain permitted defendant to avoid the greater sentences that could have been imposed if he was convicted after trial of the class B felony charged in the indictment (he was fully and accurately informed about all the possible sentences that could be imposed following a conviction for the class B felony), he maintains that the court should have informed him of the new sentencing range. In his brief, defendant does not explain how this range (rather than the ranges applicable to the class B felony with which he was charged, the range applicable to a persistent felony offender and the specific sentence to which he agreed), could be relevant to his decision to plead guilty.* Nonetheless, defendant claims that his guilty plea was not knowingly, voluntarily and intelligently entered because of the court's failure so to inform him; he likens the new sentencing range to the direct consequences of a plea about which a court must inform a defendant (*see People v Catu*, 4 NY3d 242 [2005]). Moreover, defendant also argues that he was not required to move to withdraw his plea on this ground.

Defendant does not ask that we grant the only relief that is appropriate upon sustaining a claim that a guilty plea was not knowingly, voluntarily and intelligently entered—vacatur of the plea (*People v Hill*, 9 NY3d 189, 191 [2007], *cert denied* 553 US 1048 [2008]). Rather, he asks only that we remand for further proceedings to determine whether he wishes to withdraw his plea. Given that vacatur of the plea would expose defendant anew to the greater sentences his guilty plea avoided, it certainly is understandable that he does not ask us to vacate it. In essence, he is asking us to declare that he has the right to demand that his plea be vacated at a future date if he is so inclined. But because defendant might not ask the trial court to vacate the plea, the determination he would have us make "would be merely advisory since it can have no immediate effect and may never resolve anything" (*New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 531 [1977]; *see also Hirschfeld v Hogan*,

---

* At oral argument, defendant argued that informing him about the new sentencing range was necessary because defendants "sometimes get more than the promised sentence." As defendant did not get more than the promised sentence and a defendant who did would have the right to get his plea back on request, it is not obvious why informing him about the new sentencing range was essential.

60 AD3d 728, 729 [2009], *lv denied* 14 NY3d 706 [2010] [declaration that both legal services provider and voluntary patient at mental health facility have the right to request the patient's release "constituted an impermissible advisory opinion, as it will have no immediate effect and may never resolve any actual dispute or controversy"]). At oral argument, defendant's attorney argued that defendant could not intelligently decide whether to ask that the plea be vacated because he does not know whether this Court will rule in his favor on this claim or on the third claim he raises (that we should vacate the sentence and remand for a new sentencing proceeding because he was not given an opportunity to contest the allegations of the second felony offender statement). However difficult the decision may be, defendant either does or does not want his plea back; the possibility that he might prevail on his claim of entitlement to a remand for a new sentencing proceeding does not prevent him from making that decision. In any event, we are not permitted to issue advisory opinions (*New York Pub. Interest Research Group*, 42 NY2d at 529-530).

Defendant's second claim is that his attorney's failure to correct the court's "error" and inform him about the new sentencing range constituted a denial of his constitutional right to the effective assistance of counsel which rendered the plea unknowing. As defendant asks only that we remand for him to determine whether to ask that his plea be vacated, this claim suffers from the same fatal infirmity as the first claim.

Defendant's third claim is that he is entitled to a new sentencing proceeding because he was not arraigned and thus was deprived of an opportunity to controvert the second felony offender statement. At the plea proceeding, the court made clear that the plea bargain was contingent on an admission by defendant that he was a nonviolent felony offender, and defendant said he understood. At sentencing, which occurred nearly a year later, defendant was not arraigned on the second felony offender statement the People had filed shortly after the plea proceeding alleging he had been convicted on December 12, 1999 of criminal sale of a controlled substance in the fifth degree. The court stated, however, that defendant was "found to be a predicate felon."