■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN TEMPLE, Appellant. [933 NYS2d 280]—

The court properly exercised its discretion in denying defendant's motion to withdraw his guilty plea (*see People v Frederick*, 45 NY2d 520 [1978]). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances" (*People v Brown*, 14 NY3d 113, 116 [2010] [internal quotation marks omitted]).

The court afforded defendant a sufficient opportunity to present his claims. Although the court expressed skepticism about the merits of the application, it permitted defendant to address the court with regard to each of his claims. Defendant claimed that he was innocent, that his attorney coerced him into pleading guilty, and that he was under the influence of drugs at the time of the plea. However, these claims were conclusory and unsubstantiated. The record establishes that the plea was knowing, intelligent and voluntary.

We perceive no basis for reducing the sentence. Concur—Saxe, J.P., Friedman, Renwick, DeGrasse and Freedman, JJ.