# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

333

KA 11-00858

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

MARCHE JOHNSON, DEFENDANT-APPELLANT.

---

ADAM H. VAN BUSKIRK, AURORA, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered April 12, 2011. Defendant was resentenced upon his conviction of robbery in the second degree.

It is hereby ORDERED that the resentence so appealed from is affirmed.

Memorandum: Defendant was convicted upon his plea of guilty of robbery in the second degree (Penal Law § 160.10 [1]), and he appeals from the resentence on that conviction. County Court (Corning, J.) originally sentenced defendant as a second violent felony offender to a determinate term of imprisonment of 10 years, but it failed to impose a period of postrelease supervision, as required by Penal Law § 70.45 (1). The court (Fandrich, A.J.) resentenced defendant to the same term of imprisonment to be followed by five years of postrelease supervision.

Defendant failed to preserve for our review his contention that the court should have assigned defendant substitute counsel, inasmuch as the record reflects that both defendant and the court understood that defendant sought an adjournment in order to retain counsel and did not request new assigned counsel (*see* CPL 470.05 [2]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We agree with defendant, however, that the court failed to conduct a searching inquiry to ensure that defendant's waiver of the right to counsel was unequivocal, voluntary and intelligent (*see People v Smith*, 92 NY2d 516, 520). Thus, "[t]he sentencing court erred by permitting defendant to represent himself at his ultimate sentencing proceeding" (*People v Adams*, 52 AD3d 243, 243, *lv denied* 11 NY3d 829). That error, however, does not warrant reversal of defendant's resentence because "the tainted proceeding had no adverse

impact . . ., and a remand for resentencing would serve no useful purpose" (*id.* at 244; *see generally People v Wardlaw*, 6 NY3d 556, 559).  Indeed, defense counsel, speaking on behalf of defendant, admitted that defendant was advised during the plea proceedings that a period of postrelease supervision would be imposed, and thus there were no issues to be litigated with respect to defendant's sentence (*see generally People v Lingle*, 16 NY3d 621, 634-635; *cf. People v Verhow*, 83 AD3d 1528, 1528-1529).

We have considered defendant's remaining contentions and conclude that they are without merit.

All concur except FAHEY, J., who dissents and votes to reverse in accordance with the following Memorandum:  I respectfully dissent.  In my view, the record of the February 15, 2011 proceeding reflects that the People stipulated that the court may resentence defendant without imposing a period of postrelease supervision pursuant to Penal Law § 70.85 (*see People v Swanston*, 277 AD2d 600, 602, *lv denied* 96 NY2d 739; *see also* CPLR 2104; CPL 60.10).  I would therefore reverse the resentence and remit the matter to County Court for further resentencing.

Entered:  April 27, 2012                        Frances E. Cafarell
                                              Clerk of the Court