THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIERON ALLEN, Appellant. (Appeal No. 1.) [951 NYS2d 822]—

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [3]) and, in appeal No. 2, he appeals from the resentence imposed on that conviction. With respect to appeal No. 1, defendant contends that County Court erred in summarily denying his pro se motion to withdraw his plea. We reject that contention. A court need only afford a defendant a "reasonable opportunity to present his contentions" on a motion to withdraw a guilty plea (*People v Tinsley*, 35 NY2d 926, 927 [1974]; *see People v Buske*, 87 AD3d 1354, 1355 [2011], *lv denied* 18 NY3d 882 [2012]), and the court did so here. The court properly denied the motion inasmuch as "defendant's assertions of innocence and coercion were conclusory and belied by defendant's statements during the plea colloquy" (*People v Wright*, 66 AD3d 1334, 1334 [2009], *lv denied* 13 NY3d 912 [2009]). In addition, the record does not support defendant's contention that his motion to withdraw the plea should have been granted on the further ground that he received ineffective assistance of counsel (*see generally People v Ford*, 86 NY2d 397, 404 [1995]; *People v Patterson*, 9 AD3d 899, 900 [2004]). We reject defendant's contention that defense counsel took a position adverse to that of defendant in his pro se motion

to withdraw the plea, and thus there was no reason for the court to assign new counsel (*see People v Strasser*, 83 AD3d 1411, 1411-1412 [2011]; *People v McKoy*, 60 AD3d 1374, 1374-1375 [2009], *lv denied* 12 NY3d 856 [2009]).

With respect to appeal No. 2, defendant failed to preserve for our review his contention that his resentence as a second felony offender constituted a greater sentence inasmuch as he did not object to the allegedly greater sentence, nor did he move to withdraw his guilty plea or to vacate the judgment of conviction on that ground (*see People v Sprague*, 82 AD3d 1649, 1649 [2011], *lv denied* 17 NY3d 801 [2011]; *People v Coutts*, 277 AD2d 1029, 1029 [2000]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We agree with defendant, however, that the court erred in allowing him to proceed pro se during resentencing. "Before allowing a defendant to proceed pro se, the court must conduct a searching inquiry to ensure that the waiver of the right to appointed counsel is 'unequivocal, voluntary and intelligent' " (*People v LaValle*, 3 NY3d 88, 106 [2004], quoting *People v Smith*, 92 NY2d 516, 520 [1998]). The court conducted no such inquiry in this case, and "[t]he sentencing court erred by permitting defendant to represent himself at his ultimate sentencing proceeding" (*People v Adams*, 52 AD3d 243, 243 [2008], *lv denied* 11 NY3d 829 [2008]). We conclude that the tainted proceeding had an adverse impact on defendant, warranting reversal of the resentence and remittal of this matter for the court to ascertain that defendant has been afforded the right to counsel and for resentencing (*cf. People v Johnson*, 94 AD3d 1496, 1497 [2012]; *see generally People v Wardlaw*, 6 NY3d 556, 559 [2006]). We therefore reverse the resentence in appeal No. 2 and remit the matter to County Court for further proceedings in accordance with defendant's right to counsel and for resentencing. Present—Centra, J.P., Fahey, Peradotto, Carni and Sconiers, JJ.