# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1021

KA 12-00615

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KIERON ALLEN, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

CHRISTOPHER JUDE PELLI, UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered August 3, 2010. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [3]) and, in appeal No. 2, he appeals from the resentence imposed on that conviction. With respect to appeal No. 1, defendant contends that County Court erred in summarily denying his pro se motion to withdraw his plea. We reject that contention. A court need only afford a defendant a "reasonable opportunity to present his contentions" on a motion to withdraw a guilty plea (*People v Tinsley*, 35 NY2d 926, 927; *see People v Buske*, 87 AD3d 1354, 1355, *lv denied* 18 NY3d 882), and the court did so here. The court properly denied the motion inasmuch as "defendant's assertions of innocence and coercion were conclusory and belied by defendant's statements during the plea colloquy" (*People v Wright*, 66 AD3d 1334, 1334, *lv denied* 13 NY3d 912). In addition, the record does not support defendant's contention that his motion to withdraw the plea should have been granted on the further ground that he received ineffective assistance of counsel (*see generally People v Ford*, 86 NY2d 397, 404; *People v Patterson*, 9 AD3d 899, 900). We reject defendant's contention that defense counsel took a position adverse to that of defendant in his pro se motion to withdraw the plea, and thus there was no reason for the court to assign new counsel (*see People v Strasser*, 83 AD3d 1411, 1411-1412; *People v McKoy*, 60 AD3d 1374, 1374-1375, *lv denied* 12 NY3d 856).

     With respect to appeal No. 2, defendant failed to preserve for
our review his contention that his resentence as a second felony
offender constituted a greater sentence inasmuch as he did not object
to the allegedly greater sentence, nor did he move to withdraw his
guilty plea or to vacate the judgment of conviction on that ground
(*see People v Sprague*, 82 AD3d 1649, 1649, *lv denied* 17 NY3d 801;
*People v Coutts*, 277 AD2d 1029, 1029).  We decline to exercise our
power to review that contention as a matter of discretion in the
interest of justice (*see* CPL 470.15 [6] [a]).  We agree with
defendant, however, that the court erred in allowing him to proceed
pro se during resentencing.  "Before allowing a defendant to proceed
pro se, the court must conduct a searching inquiry to ensure that the
waiver of the right to appointed counsel is 'unequivocal, voluntary
and intelligent' " (*People v LaValle*, 3 NY3d 88, 106, quoting *People v
Smith*, 92 NY2d 516, 520).  The court conducted no such inquiry in this
case, and "[t]he sentencing court erred by permitting defendant to
represent himself at his ultimate sentencing proceeding" (*People v
Adams*, 52 AD3d 243, 243, *lv denied* 11 NY3d 829).  We conclude that the
tainted proceeding had an adverse impact on defendant, warranting
reversal of the resentence and remittal of this matter for the court
to ascertain that defendant has been afforded the right to counsel and
for resentencing (*cf. People v Johnson*, 94 AD3d 1496, 1497; *see
generally People v Wardlaw*, 6 NY3d 556, 559).  We therefore reverse
the resentence in appeal No. 2 and remit the matter to County Court
for further proceedings in accordance with defendant's right to
counsel and for resentencing.

Entered:  October 5, 2012                        Frances E. Cafarell
                                                 Clerk of the Court