# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

112
KA 11-01860
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

RONALD D. ROSSBOROUGH, DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.

TERRENCE M. PARKER, DISTRICT ATTORNEY, BELMONT (AMANDA B. FINN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Allegany County Court (Thomas P. Brown, J.), rendered September 20, 2010. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that County Court erred in summarily denying his motion to withdraw his plea and for the assignment of new counsel. With respect to that part of defendant's motion to withdraw his plea, we note that a court need only afford a defendant a "reasonable opportunity to present his contentions" (*People v Tinsley*, 35 NY2d 926, 927; *see People v Allen*, 99 AD3d 1252, 1252), and we conclude that the court did so here. Further, with respect to the merits of that part of defendant's motion to withdraw his plea, his contention that the plea was coerced by defense counsel is belied by his statements during the plea colloquy that no one forced him to plead guilty and that he was satisfied with the representation of defense counsel (*see People v Strasser*, 83 AD3d 1411, 1411; *People v Irvine*, 42 AD3d 949, 949, *lv denied* 9 NY3d 962). Defendant failed to preserve for our review his further contention that he was induced to enter his plea by false representations concerning his minimum sentencing exposure and the pendency of "bail jumping" charges against him (*see People v Alvarado*, 82 AD3d 458, 458, *lv denied* 17 NY3d 791). In any event, there was nothing coercive in any alleged misstatement of the sentencing range by the court, and the record establishes that defendant potentially faced "bail jumping" charges that were ultimately encompassed by his plea (*see People v Cerveira*, 6 AD3d 294, *lv denied* 3 NY3d 704).

With respect to that part of defendant's motion for the assignment of new counsel, the record belies defendant's contention that defense counsel took a position adverse to that of defendant in his pro se motion to withdraw the plea, and thus there was no reason for the court to assign new counsel (*see Allen*, 99 AD3d at 1252-1253; *Strasser*, 83 AD3d at 1411-1412). Indeed, defendant failed to establish any conflict of interest or other irreconcilable conflict with defense counsel (*cf. People v Sides*, 75 NY2d 822, 824-825).

To the extent that defendant's contention that he was denied effective assistance of counsel based on defense counsel's participation in the factual component of the plea allocution survives his guilty plea (*see generally People v Neal*, 56 AD3d 1211, 1211, *lv denied* 12 NY3d 761), we reject that contention. The record demonstrates that the factual component of the plea allocution was performed under the court's supervision and that defendant's right to counsel was adequately safeguarded (*see People v Robbins*, 33 AD3d 1127, 1128-1129). To the extent that defendant's further contention that he was denied effective assistance of counsel based on defense counsel's failure to show him the presentence report survives his guilty plea (*see generally Neal*, 56 AD3d at 1211), we likewise conclude that defendant's contention lacks merit. Defendant was not entitled to review the presentence report inasmuch as "the record establishes that defendant was represented by counsel and that the presentence report was reviewed by defense counsel" (*People v June*, 30 AD3d 1016, 1017, *lv denied* 7 NY3d 813, *reconsideration denied* 7 NY3d 868; *see* CPL 390.50 [2] [a]; *see generally People v Vaughan*, 20 AD3d 940, 942, *lv denied* 5 NY3d 857), and thus it cannot be said that there was no legitimate explanation for defense counsel's alleged deficiency in failing to show it to him (*see generally People v Rivera*, 71 NY2d 705, 709).

Inasmuch as the local criminal court issued a divestiture order and defendant was held over for grand jury action and executed a waiver of indictment and consent to be prosecuted by a superior court information, we conclude that defendant's further contention that the court had no jurisdiction is without merit (*see People v Barber*, 280 AD2d 691, 692, *lv denied* 96 NY2d 825; *People v Talham*, 41 AD2d 354, 356). Finally, defendant's contention that he was denied the right to counsel when he waived a preliminary hearing before he was assigned counsel is without merit (*see People v Kelone*, 292 AD2d 640, 641, *lv denied* 98 NY2d 677).

Entered:  April 26, 2013                          Frances E. Cafarell
                                                  Clerk of the Court