# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1370

KA 13-01198

PRESENT: SCUDDER, P.J., CENTRA, CARNI, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JAMES L. LINDSAY, III, DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL),
FOR DEFENDANT-APPELLANT.

DAVID W. FOLEY, DISTRICT ATTORNEY, MAYVILLE (JOSEPH M. CALIMERI OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Chautauqua County Court (John L.
LaMancuso, A.J.), rendered June 13, 2013. The judgment convicted
defendant, upon his plea of guilty, of, inter alia, reckless
endangerment in the first degree and driving while intoxicated, a
misdemeanor (2 counts).

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him
upon his plea of guilty of, inter alia, reckless endangerment in the
first degree (Penal Law § 120.25) and two counts of driving while
intoxicated (Vehicle and Traffic Law § 1192 [3]). We reject
defendant's contention that County Court erred in denying his pro se
motion to withdraw his plea without conducting an adequate inquiry.
The record establishes that the court afforded defendant the requisite
"reasonable opportunity to present his contentions" (*People v Tinsley*,
35 NY2d 926, 927; *see People v Carter-Doucette*, 124 AD3d 1323, 1324,
*lv denied* 25 NY3d 988), and properly denied the motion inasmuch as
defendant's "claims were conclusory and unsubstantiated" (*People v
Temple*, 89 AD3d 644, 644, *lv denied* 19 NY3d 968). We also reject
defendant's contention that the court erred in failing to assign him
new counsel before making that determination. "[T]he record belies
defendant's contention that defense counsel took a position adverse to
that of defendant in his pro se motion to withdraw the plea, and thus
there was no reason for the court to assign new counsel" (*People v
Rossborough*, 105 AD3d 1332, 1333, *lv denied* 21 NY3d 1045).

Finally, we conclude that defendant's sentence is not unduly

harsh or severe.

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court