People v Charles (2018 NY Slip Op 02334)





People v Charles


2018 NY Slip Op 02334


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-02028
 (Ind. No. 14-00445)

[*1]The People of the State of New York, respondent,
v
Johnnie Charles, appellant.


Mark Diamond, New York, NY, for appellant.
Thomas P. Zugibe, District Attorney, New City, NY (Itamar J. Yeger of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Rockland County (William A. Kelly, J.), rendered February 3, 2016, convicting him of attempted burglary in the second degree, upon his plea of guilty, adjudicating him a second violent felony offender, and thereupon sentencing him to a determinate term of imprisonment of five years, plus five years of postrelease supervision.
ORDERED that the judgment is modified, on the law, by vacating the defendant's adjudication as a second violent felony offender and the sentence imposed thereupon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Rockland County, for a new second violent felony offender determination, and for resentencing thereafter, in accordance herewith.
The defendant, as part of a negotiated disposition, entered a plea of guilty to attempted burglary in the second degree. Due to health reasons, the assigned counsel who represented the defendant at the plea proceeding was unavailable to represent him at the sentencing proceeding. A different attorney, Bruce Klein, was assigned to represent the defendant. Klein attempted to meet with the defendant, but the defendant refused to be interviewed by Klein, stating that Klein was not his attorney and that he did not know who Klein was.
At the sentencing proceeding, the Supreme Court asked the defendant if the defendant wanted Klein to represent him, and the defendant answered in the negative. The court continued the sentencing proceeding, with the defendant appearing pro se and Klein present as a "standby" attorney or legal advisor, and thereafter adjudicated the defendant a second violent felony offender and imposed sentence.
As the People correctly concede, the Supreme Court erred in allowing the defendant to proceed pro se at the sentencing proceeding without conducting a searching inquiry to ascertain whether the defendant appreciated the dangers and advantages of giving up the fundamental right to counsel (see People v Grueiro, 74 AD3d 1232, 1233 [quotation marks and citation omitted]). Accordingly, the matter must be remitted to the Supreme Court, Rockland County, for a new second violent felony offender determination, and resentencing thereafter (see id. at 1233).
Contrary to the defendant's contention, since the record demonstrates that his plea of guilty was entered voluntarily, knowingly, and intelligently, the Supreme Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea (see People v Harris, 153 AD3d 552, 553; People v Manragh, 150 AD3d 762; People v Morris, 148 AD3d 732).
The defendant's remaining contention is academic in light of our determination.
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court