People v Rohadfox (2019 NY Slip Op 06914)





People v Rohadfox


2019 NY Slip Op 06914


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, TROUTMAN, AND WINSLOW, JJ.


821 KA 16-02170

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
COREY ROHADFOX, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (WILLIAM CLAUSS OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered October 13, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree and resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]). Contrary to defendant's contention, the fact that he was proceeding pro se when he pleaded guilty and waived his right to appeal does not render the waiver invalid. "A waiver of the right to appeal may be elicited as a condition of a plea bargain . . . , but it must be knowingly, voluntarily and intelligently entered into by the accused" (People v Johnson, 14 NY3d 483, 486 [2010]). In determining the validity of a waiver of the right to appeal, a court must consider "all the relevant facts and circumstances surrounding the waiver, including the nature and terms of the agreement and the age, experience and background of the accused" (People v Seaberg, 74 NY2d 1, 11 [1989]; see People v Sanders, 25 NY3d 337, 340 [2015]; see generally People v Smith, 164 AD3d 1621, 1621-1622 [4th Dept 2018], lv denied 32 NY3d 1177 [2019]). Here, we conclude that Supreme Court engaged defendant "in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Carr, 147 AD3d 1506, 1506 [4th Dept 2017], lv denied 29 NY3d 1030 [2017] [internal quotation marks omitted]; see People v Brown, 166 AD3d 1579, 1579 [4th Dept 2018], lv denied 32 NY3d 1169 [2019]). The record establishes that defendant had " a full appreciation of the consequences' " of the waiver (People v Bradshaw, 18 NY3d 257, 264 [2011]), particularly considering the thorough discussion between defendant and the court regarding the nature and terms of the agreement, including the waiver and the negotiated sentence, as well as defendant's age, his level of education, and his background, which included experience in the criminal justice system representing himself (see Sanders, 25 NY3d at 342). Contrary to defendant's further contentions, the record establishes that, before defendant pleaded guilty, the court mentioned that the waiver would be a condition of the plea bargain (cf. People v Willis, 161 AD3d 1584, 1584 [4th Dept 2018]; People v Blackwell, 129 AD3d 1690, 1690 [4th Dept 2015], lv denied 26 NY3d 926 [2015]), and "[t]he fact that the appeal waiver was not reduced to writing is of no moment where, as here, the oral waiver was adequate" (Smith, 164 AD3d at 1621).
We conclude that the valid waiver of the right to appeal forecloses our review of defendant's challenge to the court's adverse suppression ruling (see Sanders, 25 NY3d at 342; People v Kemp, 94 NY2d 831, 833 [1999]).
Defendant contends that, while he was represented by defense counsel and before he was permitted to proceed pro se, the court erred in failing to make appropriate inquires into his requests for substitution of counsel and for an opportunity to retain counsel of his own choosing. [*2]Defendant also contends that the court erred in permitting him to proceed pro se. Defendant does not, however, assert that those alleged errors affected the voluntariness of the plea, which he sought mid-trial after hearing the evidence against him and which he entered following thorough discussions with the court (see People v Richardson, 173 AD3d 1859, 1860 [4th Dept 2019]). Moreover, any such assertion is not supported by the record (see People v Doyle, 82 AD3d 564, 564 [1st Dept 2011], lv denied 17 NY3d 805 [2011]). Thus, our review of defendant's contentions is precluded by the valid waiver of the right to appeal (see Richardson, 173 AD3d at 1860; People v Gordon, 89 AD3d 1466, 1466 [4th Dept 2011], lv denied 18 NY3d 957 [2012]; Doyle, 82 AD3d at 564).
Defendant did not preserve for our review his additional contention that before sentencing the People failed to file a CPL 400.21 statement indicating that he had a predicate felony offense (see People v Judd, 111 AD3d 1421, 1423 [4th Dept 2013], lv denied 23 NY3d 1039 [2014]; see generally People v Pellegrino, 60 NY2d 636, 637 [1983]). In any event, we conclude that the record establishes that any error is harmless, and remitting the matter for the filing of a predicate felony statement "would be futile and pointless" (People v Bouyea, 64 NY2d 1140, 1142 [1985]; see People v Fuentes, 140 AD3d 1656, 1657 [4th Dept 2016], lv denied 28 NY3d 1072 [2016]; Judd, 111 AD3d at 1423).
Finally, contrary to defendant's contention, we conclude under the circumstances of this case that "any violation of defendant's right to counsel at sentencing had no adverse impact, and he is not entitled to the remedy of a remand for resentencing . . . , which would serve no useful purpose' " (People v Coppin, 55 AD3d 374, 375 [1st Dept 2008], lv denied 11 NY3d 896 [2008]; see People v Adams, 52 AD3d 243, 243-244 [1st Dept 2008], lv denied 11 NY3d 829 [2008]; cf. People v Allen, 99 AD3d 1252, 1253 [4th Dept 2012]; see generally People v Johnson, 20 NY3d 990, 991 [2013]).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court