People v Greer (2020 NY Slip Op 07799)





People v Greer


2020 NY Slip Op 07799


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


1148 KA 18-01571

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT GREER, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered May 18, 2018. The judgment convicted defendant upon his plea of guilty of attempted robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2] [b]). He contends that County Court abused its discretion in denying his motion to withdraw his plea of guilty, which was premised on allegations that he was actually innocent and that defense counsel coerced him into entering the plea. We affirm.
"[P]ermission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea" (People v Dale, 142 AD3d 1287, 1289 [4th Dept 2016], lv denied 28 NY3d 1144 [2017] [internal quotation marks omitted]; see People v Davis, 129 AD3d 1613, 1614 [4th Dept 2015], lv denied 26 NY3d 966 [2015]). In our view, because defendant did not tender any evidence to support his conclusory assertion of innocence, the court did not abuse its discretion in denying that part of defendant's motion (see People v Allen, 99 AD3d 1252, 1252 [4th Dept 2012]; People v Sparcino, 78 AD3d 1508, 1509 [4th Dept 2010], lv denied 16 NY3d 746 [2011]; People v Dozier, 12 AD3d 1176, 1177 [4th Dept 2004]).
With respect to defendant's claim that defense counsel coerced him into pleading guilty, we conclude here that "[t]he court was presented with a credibility determination when defendant moved to withdraw his plea . . . , and it did not abuse its discretion in discrediting [that] claim[]" (Sparcino, 78 AD3d at 1509; see People v Zimmerman, 100 AD3d 1360, 1361-1362 [4th Dept 2012], lv denied 20 NY3d 1015 [2013]). In our view, "[f]ar from being coercive, defense counsel's advice . . . that the case could not be won, and" his realistic explanation of the benefits of accepting the plea offer under the circumstances, merely "fulfilled defense counsel's duty to warn his client of the risks of going to trial" (People v Spinks, 227 AD2d 310, 310 [1st Dept 1996], lv denied 88 NY2d 995 [1996]).
With respect to defendant's contention that, in light of defense counsel's comments about the significantly longer sentence he faced if he proceeded to trial rather than pleading guilty, defendant was left with no choice but to plead guilty, we note that "[d]efendant is not entitled to the plea bargain of his choosing, and defendant's fear that a harsher sentence would be imposed if defendant were convicted after trial does not constitute coercion" (Zimmerman, 100 AD3d at 1362 [internal quotation marks omitted]; see People v Chimilio, 83 AD3d 537, 538 [1st Dept 2011], lv denied 17 NY3d 814 [2011]; People v Newman [appeal No. 1], 231 AD2d 875, 875 [*2][4th Dept 1996], lv denied 89 NY2d 944 [1997]).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court