People v Caswell (2020 NY Slip Op 07810)





People v Caswell


2020 NY Slip Op 07810


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


1181 KA 13-01552

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
REGGIE CASWELL, DEFENDANT-APPELLANT. 






PAUL B. WATKINS, FAIRPORT, FOR DEFENDANT-APPELLANT.
REGGIE CASWELL, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a resentence of the Supreme Court, Monroe County (Dennis M. Kehoe, A.J.), rendered January 8, 2010. Defendant was resentenced upon his conviction of attempted robbery in the third degree. 
It is hereby ORDERED that the resentence so appealed from is unanimously reversed on the law and the matter is remitted to Supreme Court, Monroe County, for resentencing.
Memorandum: Defendant was convicted upon a jury verdict of, inter alia, robbery in the second degree (Penal Law § 160.10 [2] [b]) and attempted robbery in the third degree (§§ 110.00, 160.05; People v Caswell, 56 AD3d 1300, 1301 [4th Dept 2008], lv denied 11 NY3d 923 [2009], reconsideration denied 12 NY3d 781 [2009], cert denied 556 US 1286 [2009]), and he now appeals from a resentence with respect to the count of attempted robbery in the third degree.
We agree with defendant's contention in his main and pro se supplemental briefs, as the People correctly concede, that he was deprived of his right to counsel when Supreme Court permitted defendant to represent himself at the resentencing proceeding without properly ruling on defendant's multiple requests for assignment of counsel (see generally People v Wardlaw, 6 NY3d 556, 559 [2006]; People v Allen, 99 AD3d 1252, 1253 [4th Dept 2012]). Denial of the right to counsel during a particular proceeding does not invariably require remittal for a repetition of the tainted proceeding, or any other remedy, inasmuch as "the remedy to which a defendant is entitled ordinarily depends on what impact, if any, the tainted proceeding had on the case as a whole" (Wardlaw, 6 NY3d at 559). Here, however, the court's failure to consider defendant's motion for assigned counsel had an adverse impact on the resentencing proceeding because the absence of counsel prevented defendant from, inter alia, adequately contesting his adjudication as a second felony offender and arguing against the imposition of the maximum sentence permissible under the law. We therefore reverse the resentence and remit the matter to Supreme Court for resentencing, and we direct the court to ensure that defendant is afforded his right to counsel (see People v Grueiro, 74 AD3d 1232, 1233 [2d Dept 2010], lv denied 15 NY3d 852 [2010]; cf. People v Johnson, 94 AD3d 1496, 1497 [4th Dept 2012], affd 20 NY3d 990 [2013]; People v Adams, 52 AD3d 243, 243-244 [1st Dept 2008], lv denied 11 NY3d 829 [2008]).
In light of our determination, defendant's remaining contentions in his main brief are academic.
Finally, defendant's contentions in his pro se supplemental brief with respect to his motion to set aside the sentence pursuant to CPL 440.20 are not properly before us on appeal from the resentence (see People v Morris, 94 AD3d 1450, 1451-1452 [4th Dept 2012], lv denied 19 NY3d 976 [2012]; People v Moore, 81 AD3d 1325, 1325 [4th Dept 2011], lv denied 16 NY3d 897 [2011]).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court